MILLEDGE, STANLEY, Associate Judge.
The appellee as the beneficiary sued in the Civil Court of Record of Dade County on a life insurance policy issued on the life of plaintiff’s husband who died 12 days after the policy issued. The company admitted the execution of the policy, the payment of premium, the death of deceased, the capacity of the plaintiff and the company’s refusal to pay. It asserted the affirmative defense that the assured falsely and fraudulently represented the company that he was in good health when in fact his health was seriously bad. The plaintiff did not reply to the affirmative defense. No reply was necessary in order to meet the defense at the trial.
It was not incumbent on the plaintiff at the trial to dispose the defendant’s allegations of fraud. All she needed to do was to prove a prima facie case and this was dispensed with by the admissions in the answer. The burden of going forward with the evidence was on the defendant on its affirmative defense. Instead of this the plaintiff proceeded with proof in opposition to the fraud charge. The defendant made no objection to this procedural irregularity. It could not prejudice the defendant. In fact it was to its advantage. It implied to the jury that the burden of persuasion on the affirmative issue was on the plaintiff. The defendant had the advantage of knowing the whole of plaintiff’s evidence before proceeding to put on his own case. In any event no error is assigned on that ground. The inversion of the order of proof seems to have caused defendant’s counsel to have a misapprehension of what the plaintiff was doing. He believed that the plaintiff’s proof, to the effect that it was she and npt her husband who answered the insurance agent’s questions regarding Mr. Feigley’s health and that she told him truthfully that her husband’s health was very bad, was an attempt to alter a written instrument. Defendant’s counsel conceived the idea that this was an attempt by the plaintiff to vary the terms of a written instrument, the application for the policy and moved to strike it from the record on that ground. This is his chief complaint on this appeal.
The issue was a simple one of fact. The jury after a fair charge from the court decided that the plaintiff did not give false answers to the company’s agent. The fact as found by the jury that the agent wrote down false answers when the plaintiff gave him true ones is no defense *806 to an action on the policy. Columbian Nat. Life Ins. Co. v. Lanigan, 154 Fla. 760, 19 So.2d 67.
The company now suggests for the first time that even though its agent wrote false answers when Mrs. Feigley gave him true ones, there can be no recovery since the plaintiff and the agent must have conspired to defraud the company. This is pure afterthought. The company’s answer did not charge its own agent with fraud or with conspiring with Mrs. Feigley. There was no proof of this, on the contrary, the company insisted that Mr. Feig-ley had given the false answers and that is what the agent testified to. The jury did not believe -him. They believed Mrs. Feigley. That was their province. There is no error.
Affirmed.
PEARSON, Acting Chief Judge, and CARROLL, CHAS., J., concur.