PER CURIAM.
This is an appeal by Home Indemnity Company (which was the Workmen’s Compensation Carrier for the employer of George McAdams) from an order determining the Carrier’s pro rata recovery out of a judgment against third party tort-feasors.[1] In his order the trial judge set forth the history as follows :
“The essential facts (none of which are in dispute) are these: On March 16, 1959, George McAdams, suffered a compensable industrial accident which also gave rise to a cause of action against third party tort-feasors.
“Thereafter, on or about June 22, 1960 (in excess of a year after the cause of action accrued) this action was instituted by the employee-plaintiff, George McAdams, through attorneys of his choosing.
“Some months (September of 1960) after suit was filed against the third party tort-feasors, compensation benefits were paid for the first time.
“Shortly thereafter, on September 22, 1960, the carrier filed its notice of lien pursuant to the appropriate provisions of Section 440.39, F.S.2
“In due course the action against the third parties was settled for $70,000.00.
“As of the date of settlement (March 21, 1961) the plaintiff had received benefits under the workmen’s compensation act in the total amount of $5,-393.05.3
*434 “Now, 'equitable prorations’ as such may be ‘old hat’, but this proceeding- has a novel twist which requires something more .than a perfunctory disposition.
“The ‘unusual’ arises from the heretofore noted history that, while the employee-plaintiff brought and controlled the third party action, he did not do so within one year after the cause of action accrued.
“2. At the hearing there was some argument with reference to notice. If this is material, the correspondence in evidence establishes that both the employee-plaintiff and the carrier were kept fully informed as to what was going on.
“3. In addition, the carrier is liable to the plaintiff for future benefits payable under the act in an amount that could, if necessary, be readily determined.”
The trial judge found that the Carrier was entitled to proration under subsection (3) of § 440.39, as it existed prior to changes made by the 1959 Legislature. The reasoning set forth by the trial judge in his opinion is convincing, and after argument upon appeal we do not think it necessary to do more than set it forth here:
“The carrier contends that, since this action was not instituted against the third party tort-feasor within one year after the cause of action accrued, subsection (4) above applies and, pursuant thereto, it is entitled to: ‘All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to its present value * * ’ instead of simply a proration of ‘compensation benefits paid’ as provided in subsection (3).4
“At first blush this contention appeared to have merit. However, careful consideration of the statute — the language employed, the draftsman’s format and the purpose sought to be accomplished' — requires that this statutory construction be rejected.
“This is so for a number of reasons: First this construction completely overlooks the use of the permissive ‘may’. The statute says that ‘If the injured employee (the plaintiff here) * * * Shall fail to bring suit * * * the insurance carrier, may (do so)’.
“In addition, subsection (4) goes on to say that the benefits therein ‘spelled out’ (and here sought by the carrier) are available ‘in the event suit is so instituted,.’ The phrase ‘so instituted’ can only refer to an action instituted by the insurance carrier.5
“Moreover, the over-all statutory format of sub-section (4) also militates against the carrier’s contention. This is so because the rights granted the carrier therein are' all cast in ‘retention language’ — that is to say language setting forth what the carrier may retain from the proceeds of the judgment or settlement. This presupposes (and is premised upon the assumption) that the carrier brought and controlled the action and holds the proceeds of any such judgment or settlement — which, of course, is not true in the case at bar.
“In sum, the court concludes that a carrier (or self-insured employer) is entitled to the benefit of the ‘retention provisions’ of sub-section (4) if, and only if, it exercised the prerogative, and thereby assumed the burdens, therein provided of instituting and prosecuting the action against the third party tort-feasor. Something that admittedly was not done here.
“Interestingly enough (but with a different objective in mind) the plaintiff-employee likewise relies in part upon sub-section (4) of section 440.39 in support of its primary contention that *435 the carrier is entitled to absolutely nothing.
“Plaintiff’s argument goes like this: Sub-section (3) of 440.39 applies only when the ‘third party action’ is brought within one year after the cause of action accrued, and subsection (4) applies to actions which are not brought within one year provided such actions are brought by the carrier (or self-insured employer). Since this action was not brought within one year, subsection (3) does not apply and since the carrier did not bring the action, subsection (4) does not apply. Hence, there is no statutory authority for sub-rogation in a case such as this. That being so the carrier cannot recover at all because it is elemental law that the right of a compensation insurer to subrogation occurs solely by virtue of a statutory grant. Brinson v. Southeastern Utilities Service Co., Fla., 72 So.2d 37; Fidelity & Casualty Co. of N. Y. v. Bedingfield, Fla., 60 So.2d 489.
“The fallacy in this argument seemingly is that it is based in part upon a faulty premise — the assumption that the subrogation rights set forth in subsection (3) apply only to actions brought within one year after the cause of action has accrued.
“A careful reading of subsection (3) will reveal that it is not subject to any such one year limitation. In fact it contains no time-limiting language whatsoever. Nor, when read in pari-materia with subsection (2) does it appear that any such time limitation was intended.
“True, after one year the carrier may assume the burden (and reap the benefits) of instituting, prosecuting and controlling the action against a third party tort-feasor, as provided in subsection (4), but failure or refusal to do so does not constitute an abandonment of its more limited subrogation rights, authorized by sub-section (2) and provided for in subsection (3) of section 440.39. And the court so finds.”
“4. See Arex Indemnity Company v. Radin et al., Fla., 77 So.2d 839, for a discussion of the distinctions between subsections (3) and (4).
“5. Or a self-insured employer.
Affirmed.

. It should be noted that this appeal involves § 440.39, Fla.Stat., F.S.A. of the Florida 'Workmen’s Compensation Act, as the section existed prior to Amendment in 1959.