189 So.2d 492 (1966)
ZURICH INSURANCE COMPANY, Appellant,
v.
Mary D. RENTON, Tampa Electric Company and Hartstone Concrete Products Company, Inc., Appellees.
No. 5299.
District Court of Appeal of Florida. Second District.
July 22, 1966.
Rehearing Denied September 15, 1966.
*493 James E. Thompson and Edward C. Parker, of Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellant.
E.B. Rood, Tampa, for appellee, Mary D. Renton.
DYKES, ROGER F., Associate Judge.
This is an appeal from a final order of the Circuit Court apportioning recovery against a third party tort-feasor under the provisions of the Workmen's Compensation Law, Section 440.39, Florida Statutes. F.S.A. This section preserves to the injured employee a right of action against a third party tort-feasor by whose negligent or wrongful act the injury occurred, providing that such injured employee, or in the case of his death, his dependents, may accept compensation benefits and at the same time pursue his remedy against the third party. If compensation benefits are accepted, then the employer, or insurance carrier as the case may be, is given rights of subrogation.
Subsection (3) of section 440.39 provides in part: "(3) (a) * * * Upon suit being filed the employer * * * may file in the suit a notice of payment of compensation and medical benefits * * * and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for plaintiff's attorney, such proration of court costs and attorney's fees to be made by the judge of the trial court upon application therefor and notice to adverse party. * *" (emphasis added)
It is then provided that in the event the employee or his dependents shall fail to bring suit within one year after the cause of action shall have accrued, the employer or insurer may institute the suit. Subsection (4) of Section 440.39 provides:
"(4) (a) If the injured employee or his dependents, as the case may be, shall fail to bring suit against such third party tort-feasor within one year after the cause of action thereof shall have accrued, the employer if a self-insurer, and if not, the insurance carrier, may institute suit against such third party tort-feasor either in his own name or as provided by subsection (3) of this section, and in the event suit is so instituted, shall be subrogated to and entitled *494 to retain from any judgment recovered against or settlement made with such third party, the following: All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made, together with all court costs, including attorney's fees expended in the prosecution of such suit, to be prorated as provided by subsection (3) of this section. The remainder of the moneys derived from such judgment or settlement to be paid to the employee or his dependents, as the case may be.
"(b) If the carrier or employer does not bring suit within two years following the accrual of the cause of action against a third party tort-feasor, the right of action shall revert to the employee (or in the case of his death, those entitled by law to sue), and in such event the provisions of subsection (3) shall apply." (emphasis added)
It is to be noted that the extent of the subrogation rights under the formula of subsection (3) are substantially different from those under the formula of subsection (4). The apportionment to the employee, or his dependents, under subsection (3) is a pro rata share based upon such equitable distribution as the Court may determine, whereas the subsection (4) apportionment secures to the carrier all amounts paid by it, plus the present value of future benefits payable, together with prorated court costs and attorney's fees of the carrier. The difference in the two formulae is substantial, and represents a sizeable potential loss to the compensation claimant who delays beyond the first year to bring suit against the third party. It is to be presumed that this was intended by the legislature as a matter of policy, thus to hasten the disposition of third party litigation. General Guaranty Insurance Company v. Moore, Fla.App. 143 So.2d 541.
In the instant case, the cause of action against the third party was for wrongful death, the statute of limitations on which was two years. Appellee, Mrs. Renton, is the surviving widow recipient of compensation death benefits from the Appellant carrier, Zurich, death having resulted as a result of the alleged negligence of third parties, Tampa Electric Company, and Hartstone Concrete Products Company. On January 16, 1963, one day before the two year statute of limitations had run, Appellee Renton brought wrongful death actions against Tampa Electric Company and Hartstone Concrete Products Company. Appellant Zurich filed its notice of claim of lien. In December of 1963 with Hartstone and then in March of 1964 with Tampa Electric, Appellee Renton entered into settlement agreements for $3500 and $5000 respectively. Agreement could not be reached in either case over the apportionment of these settlement proceeds as between Appellee Renton and Appellant Zurich, as a result of which, Zurich petitioned the Court for an apportionment. Orders were entered on February 13, 1964 and on May 11, 1964 awarding Zurich three and one-half per cent of each settlement, which amounted to net awards of $85.52 on Hartstone and $116.67 on Tampa Electric. This appeal is taken from the order of May 11, 1964, awarding the $116.67 from the Tampa Electric settlement, no appeal having been taken from the February 13 order apportioning the Hartstone settlement.
Appellant Zurich urges that the apportionment should have been made under the formula of subsection (4) which would have fully reimbursed the carrier, since the third party action was brought during the second year, pointing out in support of such argument the language of subsection (4) (b) that "* * * the right of action shall revert to the employee * * *" if the carrier or employer does not bring suit within two years. The argument is a strong one and would be persuasive were it not for the fact that such a construction would have the necessary effect of shortening the statute *495 of limitations on the right of action of a deceased employee's dependents from two years to one year. For if such dependents were not able to bring the action after one year, and if the carrier should fail to do so during the second year, there would be a complete bar.
Appellee argues, in support of the court below, that, properly construing Section 440.39, the right of action during the second year is concurrent, in both the employee, or his dependents, and the carrier. It follows then that the party instituting action rather than the time of institution thereof governs the applicability of subsection (3) or subsection (4). Thus, if the action against the third party tort-feasor is instituted by the employee, or his dependents, whether in the first year or in subsequent years, it would come under the provisions of subsection (3). If the action is instituted by the carrier during the second year after the cause of action arises, then the provisions of subsection (4) would apply.
The question was not directly passed upon in General Guaranty Insurance Company v. Moore, Fla.App. 143 So.2d 541 and that decision is to be distinguished. In the Moore case, the third party action was instituted by the compensation carrier during the second year, and the actual holding was that subsection (4) would control the amounts to be awarded the compensation carrier. The problem in that case arose largely from certain stipulations or agreements attempted by counsel for the carrier and counsel for the employee as a result of which the attorney for the employee ultimately handled the trial and settlement of the third party action even though it continued through to its conclusion in the name of the carrier. We held that the apportionment formula would not thereby be changed from subsection (4) to subsection (3).
In the case presently under consideration the actions were brought by the widow of the employee during the second year and within hours before the running of the two year statute of limitations, after a failure by the carrier to take any action whatsoever. We reject the argument of appellant to the effect that the sole right of action during the second year was in the carrier, and therefore, that any action during the second year would entitle the carrier to an apportionment under subsection (4). It is our view that by the only proper construction of Section 440.39, Florida Statutes, F.S.A., the right of action is concurrent during the second year after accrual of the cause of action. To hold otherwise would be to take from the injured employee or his dependents that very right of action, the encouragement toward diligent exercise of which we have previously held was the legislative intent.
In Home Indemnity Company v. McAdams, Fla.App., 139 So.2d 433, action against the third party had been instituted by the employee during the second year and it was held in the Third District Court of Appeal that the Circuit Court had properly applied subsection (3) of Section 440.39 as it existed prior to 1959 in granting to the carrier an equitable proration. The Court there rejected the same argument of the carrier which is advanced in this case, and we concur in the reasoning of that opinion.
We turn now to the second point urged by appellant. It is argued that the trial court committed error in awarding to the carrier a sum representing only three and one-half per cent of the total settlement proceeds, that such amount was grossly inadequate, arbitrary and an abuse of discretion to the extent that it was not an "equitable distribution." In its Order of February 13, 1964, the trial court observed that plaintiff's decedent, Barney Renton, was 44 years old, had two minor children, and was earning $156.89 per week at the time of his death. The Court then concluded:
"Counsel for defendant admitted that plaintiff's damages are large and that the approximate figure of $100,000.00 is not unreasonable.

*496 * * * * * *
"* * * Inasmuch as the plaintiff's full damages are approximately $100,000.00, the plaintiff recovered three and one-half percent of her actual damages."
The application of a principle of "equitable distribution" presents a challenge to the Court involving an endless variety of situations. See Arex Indemnity Co. v. Radin, Fla., 72 So.2d 393, 395. The statute places upon the judge of the trial court a duty to exercise his judgment to such a degree and in such a wide area of consideration, practical, tactical, and factual, that it would be difficult, if ever possible, for the Court on appeal wisely to substitute its own judgment and to say that the trial court was guilty of arbitrary action. Such a determination of "equitable distribution" is a determination of fact, and, as such, will not be disturbed on appeal in its underlying basis. Thus, we do not find that the trial court was in error in assessing the loss of appellee at $100,000.00 and in using such basic figure in the establishment of ratios of recovery.
It is pointed out, however, both by appellant and by appellee that the Order of May 11, 1964, from which this appeal is taken, contained an error of mathematical computation by determining that the plaintiff had recovered three and one-half per cent of her total loss. While that had been the percentage recovery at the time of the Order of February 13, 1964 apportioning the Hartstone settlement of $3500.00, the additional recovery by the Tampa Electric settlement of $5,000.00, which was the subject of the Order of May 11, 1964, increased the total recovery of plaintiff to $8500.00, or eight and one-half per cent. The lower court further found that the full damages of Zurich were $3635.00. It is apparent that he meant to give Zurich eight and one-half per cent of its loss, since the appellee widow recovered eight and one-half per cent of her loss. By these figures, the Order from which appeal is here taken should have apportioned to Zurich $183.25 rather than $175.00, less one-third which was ordered to the widow's attorney's fee.
The Circuit Court is therefore directed to amend its Order of Payment to Zurich Insurance Company filed May 11, 1964 apportioning to Zurich the sum of $183.25 less one-third as reasonable attorney's fees to plaintiff's attorney of record; whereupon, the said Order is hereby affirmed.
ALLEN, C.J., and ANDREWS, CHARLES O., Jr., Associate Judge, concur.