OWEN, Judge.
An automobile liability insurance carrier, joined as a party defendant in this negligence action against its insured, appeals an adverse final judgment entered on a jury verdict.
The issues were complex, due primarily to the improper joinder of parties’ plaintiff. While the jury did an admirable job of resolving factual disputes, we believe that the ends of justice will best be served by vacating the judgment and verdict and remanding this cause for a new trial on certain issues.
Mr. Gillingham was operating his employer’s pickup truck in the course of his employment when he was involved in a collision with an automobile owned by Carl Douglas and driven by the latter’s wife, Ruby. As a result of the collision Mr. Gillingham sustained personal injuries and the employer’s truck was demolished. Gillingham received medical benefits and compensation for both temporary and permanent partial disability from the employer’s workmen’s compensation carrier, Reliance Insurance Company.
More than one year after the accident, Gillingham and his employer, joined as plaintiffs in bringing the instant suit against Carl Douglas and his liability insurance carrier, National Emblem Insurance Company, appellant herein. Gilling-ham sought damages for his bodily injuries, including a claim for his medical expenses, his pain and suffering, and his loss of earnings and earning capacity. The employer claimed property damage. In addition to this improper joinder of plaintiffs, the triable issues were increased by the liability insurance carrier’s answer in which it alleged that the liability policy was void under F.S. section 627.01081, F.S.A., because of false or fraudulent representations made by Carl Douglas on the application for said policy, which misrepresentations were material to the acceptance of the risk and/or the premium charged. Douglas, represented by his own counsel, created further issues by his answer wherein he denied that his wife had his permission and consent to use the car and alleged affirmatively contributory negligence on Gillingham’s part. Thereafter, plaintiffs sought and obtained leave of court to further amend the complaint by adding Mrs. Douglas as a party defendant and by adding as an additional party plaintiff Reliance Insurance Company which claimed subrogation under F.S. section 440.39, F.S.A. by virtue of compensation and other benefits paid to Gillingham.
At trial the workmen’s compensation carrier was permitted to introduce into evidence, over appellant’s objection, proof of the total amount it had paid to Gilling-ham under the latter’s workmen’s compensation claim. The jury was instructed that in considering the claim of the workmen’s compensation carrier, it could take into consideration the amount which the carrier had paid Gillingham, and the jury was also instructed that in considering Gillingham’s claim for personal injuries it could consider any earnings or working time which he had lost in the past and any loss of ability to earn money in the future. After a period of deliberation the *709 jury submitted in writing to the court the following question:
“Do we break down the percent of damages to be paid by each of the three defendants to the plaintiffs, or do you want a lump sum as damages with how much each defendant pays as his part to be determined by methods not of concern to this jury?”
Although appellant moved for a mistrial at that time on the grounds that it was apparent the jury had not properly understood the court’s instructions, the motion was denied and the jury was instructed that the verdict should be in a lump sum only. Thereafter the jury returned a verdict in favor of Gillingham, his employer, and the workmen’s compensation carrier, jointly, for the lump sum of $13,-500, against Mr. and Mrs. Douglas and the liability insurance carrier. Judgment was entered accordingly and after denial of post trial motions, this appeal followed.
Clearly implied in the jury verdict is the finding (1) that the sole proximate cause of the collision was the negligence of Mrs. Douglas, (2) that she was operating her husband’s automobile with his permission and consent, (3) that the several plaintiffs should recover their respective damages, (4) that there had been no misrepresentation on the insurance application sufficient to void the policy, and (5) that all defendants were liable. While the form of the verdict and the judgment thereon are manifestly erroneous, we would not for that reason alone think it necessary to set them aside so long as the plaintiffs could agree on their respective recoveries. But the totality of the circumstances we have outlined leads to the conclusion that the verdict and judgment were erroneous in more than form alone.
In our opinion it was error to permit the workmen’s compensation carrier, Reliance Insurance Company, to be added as a party plaintiff and to assert a right of recovery in its own behalf. When the injured employee initiates an action against the tortfeasor, the compensation carrier’s proper procedure to protect its right of subrogation under F.S. section 440.39, F.S.A. is to file in the suit a notice of payment of compensation and medical benefits to the employee, which notice is then recorded and thereafter constitutes a lien upon any judgment recovered to the extent determined by the court under the provisions of the statute. Jersey Insurance Company of New York v. Cuttriss, Fla.App.1969, 220 So.2d 15; Zurich Insurance Co. v. Renton, Fla.App.1966, 189 So.2d 492; Home Indemnity Co. v. McAdams, Fla.App.1962, 139 So.2d 433.
Appellees contend that any error in permitting the joinder of the workmen’s compensation carrier as an additional plaintiff was harmless. Clearly there is no harm in having the jury apprised of the compensation carrier’s status in the case, because by statute the employee could have styled the action as being on his own behalf and for the use and benefit of the compensation carrier, or in those cases where the carrier is entitled to and does bring the action, it may style such action in its own name. See Ruskin v. Travelers Insurance Co., Fla.App.1960, 125 So.2d 766. The fact remains, however, that irrespective of whether the action is brought by the injured employee, or whether the action is instituted by the carrier under Section 440.39(4) (a), and irrespective of the manner in which the action is styled, the cause of action remains purely and simply one for the injury to or death of the employee and should be submitted to the jury on matters relevant to the issues of the defendant’s legal liability to the plaintiff, and the plaintiff’s damages proximately flowing therefrom. Neither the presence nor absence of workmen’s compensation benefits is relevant to these issues and is not a proper consideration for the jury. See Gates & Sons, Inc. v. Brock, Fla.App.1967, 199 So.2d 291.
The instant case illustrates the potential for harm resulting from this superfluous *710 issue being interjected. In addition to the medical benefits paid, the compensation carrier had paid to Gillingham compensation totaling $1,470 for temporary total disability for some period of time and permanent partial disability on some agreed percentage. ' In the suit against the tort-feasor Gillingham claimed, as he had the right to damages for his past loss of earnings and for his future loss of earning capacity. Of course, the compensation he had already received represented payment for some part of his alleged past loss of earnings and payment for some part of his alleged future loss of earning capacity. The fact that Gillingham had already received some payment on these elements of damages does not and should not work to the benefit of the tortfeasor by reducing the amount for which he is liable. By the same token, the tortfeasor cannot be held liable to the injured employee for the full amount of his past loss of earnings and future loss of earning capacity, and at the same time and in addition thereto be made answerable to the compensation carrier for the amount which it has already paid to the employee as compensation benefits. This would be a double recovery against the tortfeasor to the extent of the compensation benefits. It precisely illustrates the reason why there should be a single recovery of the damages due the injured employee from the tortfeasor based solely on the merits of the suit without involvement of extraneous matters, with the court, not the jury, to thereafter determine what part, if any, will be apportioned to the compensation carrier as recovery for the benefits paid to the employee. While we are aware of the fact that Gillingham’s counsel reminded the jury in his closing argument that it should deduct from the total damages being claimed such amounts as had already been paid by the compensation carrier, we must assume that the jury acted in accord with the court’s instructions rather than argument of counsel. We feel that the error cannot be considered as merely harmless.
A year or so before Mr. Douglas purchased the liability insurance policy from appellant’s agent, Mrs. Douglas had been involved in an automobile accident as a consequence of which her license to drive had been suspended and she had been required to file evidence of financial responsibility. When Mr. Douglas purchased the liability insurance policy from appellant, he signed a written application which was placed in evidence. This document showed a negative answer to each of the several questions inquiring as to whether the applicant or any member of his household had been involved in an automobile accident within the past five years, whether the license of any to drive an automobile had been suspended, and whether any had been required to file evidence of financial responsibility. Appellant offered uncontroverted evidence that these answers were material to the acceptance of the risk and that had the true facts been known the insurer in good faith would either not have issued the policy or would not have issued it at the same premium rate.
Appellant contends that under the authority of Life Insurance Company of Virginia v. Shifflet, Fla.1967, 201 So.2d 715, it was entitled as a matter of law to void the policy upon discovery of the true facts after the accident and that it was entitled to a directed verdict in the instant case. This argument presupposes that the applicant did in fact give the appellant’s agent incorrect information. However, the record discloses ample (and apparently convincing) evidence that both Mr. and Mrs. Douglas gave appellant’s agent full information as to Mrs. Douglas’ prior accident and the details of the suspension of her license, and that the agent with this knowledge apparently inserted the incorrect information in the application and that Mr. Douglas thereafter, in reliance upon the superior knowledge and position of the agent, signed the application without reading it. The principles of law an *711 nounced in Columbian National Life Insurance Co. v. Lanigan, 1944, 154 Fla. 760, 19 So.2d 67, and Guaranty Life Insurance Co. v. Feigley, Fla.App.1960, 120 So.2d 804, would apply, and the jury having been properly instructed in this respect, determined this factual conflict favorable to the insured.
We conclude from our consideration of the briefs, record on appeal and oral argument of counsel that the justice of this case would require a new trial solely on the question of the damages which Mr. Gillingham is entitled to receive from the defendants for his personal injuries resulting from the collision, and the damages which Mr. Gillingham’s employer is entitled to recover from said defendants for loss of its property resulting from said collision. Ideally, the latter claim should be a separate suit which at the court’s discretion could be consolidated for trial. Reliance Insurance Company, as the compensation carrier, should be dropped as a party plaintiff with leave granted to file in the suit appropriate notice as provided by statute. The judgment is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
McCAIN and REED, JJ., concur.