HENDRY, Judge.
This appeal arises out of a suit brought by the workmen’s compensation carrier, The Aetna Casualty and Surety Company in its own name against a third party tort-feasor during the second year after injuries were sustained by an employee covered by the carrier, pursuant to § 440.39(4) (a), Fla.Stat., F.S.A. Cf. Ch. 70-148, § 6, Laws of Florida, 1970. During the course of the trial a settlement was reached with the tortfeasor.
The trial court initially awarded appellant-Aetna $3,081.50, the full amount of the compensation paid to the injured employee. The injured employee filed a motion for rehearing, requesting a pro rata apportionment of the judgment and costs, in accordance with § 440.39(3) (a).
The trial court entered the order here appealed, which in pertinent part is as follows :
“ADJUDGED that (a) F.S. 440.-39(4) (a) does not intend to enlarge the subrogation rights of the employer and its insurance carrier under F.S. 440.-39(3) (a) and this Court hereby determines the subrogation rights of the Plaintiff insurer, AETNA CASUALTY & SURETY CO. to be $2,000.00 herein.
ifc j{c :fc>>
Appellant argues that the trial court erred in determining that the insurance carrier was only entitled to an equitable distribution from the amount recovered from the third party tortfeasor where the original action against the third party tort-feasor was first filed by the carrier during the second year after the accrual of the cause of action under § 440.39(4) (a).
 The principle is by now well established that the Workmen’s Compensa *115 tion Law, Ch. 440, Fla.Stat., F.S.A. is to be liberally construed in favor of the workingman. Naranja Rock Co. v. Dawal Farms, Fla.1954, 74 So.2d 282, 286. See generally Zurich Insurance Company v. Renton, Fla.App. 1968, 189 So.2d 492, 496.
It is our view that the trial court correctly construed the provisions of subsections (3) and (4) of § 440.39, Fla.Stat., F. S.A. Therefore, the judgment appealed is affirmed.
Affirmed.