CARLTON, Justice:
By a carrier’s petition and a claimant’s cross-petition, we have for review on conflict certiorari[1] a dispute over the proper application of subsections (3) and (4) of Fla.Stat. § 440.39, F.S.A., as they relate to a suit brought by the carrier, against a third party tortfeasor, within the second year after an accident involving the claimant. Article V, Section 4(2), Florida Constitution, F.S.A.
On June 3, 1968, Bortz was injured in an automobile accident as the result of the negligence of a third party named Cooper. Since the injuries were received in the course of his employment, Bortz was able to claim Workmen’s Compensation benefits. A little more than a year later, on June 27, 1969, Aetna (the compensation carrier for Bortz’ employer) filed suit against Cooper, for Aetna individually and for the use and benefit of Bortz, under authority of Fla.Stat., § 440.39(4) (a), F.S.A. The statute permits a carrier to file suit against a third party tortfeasor in the second year after a cause of action arises, if the claimant has not already sued or settled.
After Aetna filed suit, Bortz, at the advice of his own private counsel, began to question the carrier’s right to proceed. On August 11, 1969, Aetna sought to have the trial court advise Bortz of the effect of Fla.Stat. § 440.39(4) (a), F.S.A. Bortz countered with a motion to substitute counsel, asserting that he did not desire representation by Aetna in the litigation. This dispute between carrier and claimant caused defendant Cooper to ask the Court for a protective order, which would relieve him of the obligation to respond to interrogatories until the dispute was settled. In addition, Cooper complained that Bortz would not answer interrogatories directed at him. The protective order was granted on October 14, 1969. Subsequently, Bortz did respond to the interrogatories; counsel for both Aetna and Bortz attended the taking of depositions.
On November 20, 1969, the trial court entered an order allowing Bortz to substitute counsel, but retaining Aetna as a party plaintiff. This provoked a motion for rehearing by Aetna, based on Fla.Stat. § 440.39(4) (a), F.S.A., and Jersey Ins. Co. of New York v. Cuttriss, 220 So.2d 15 (3rd D.C.A.Fla.1969), a case holding that while suit rights were concurrent in the second year, the right to proceed was limited to the one filing a cause of action first. In response, the trial court reaffirmed its order.
After the case had proceeded to the point where both Aetna and Bortz had moved for summary judgment, defendant Cooper filed a motion admitting liability. Thereafter, on February 19, 1970, a verdict was rendered in favor of “Aetna Casualty & Surety Company, individually, and for the use and benefit of Edwin Charles Bortz,” and the sum of $5,100.00 was given in judgment. Under Fla.Stat. § 440.39, F. S.A., judgments levied against a third party tortfeasor, and the costs and fees involved, are to be apportioned in the manner provided by either subsection (3) (a) or (4) (a), depending on which is appropriate. Since suit against Cooper was filed by Aetna under subsection (4) (a), the trial court entered an order allowing Aetna to retain from the judgment all amounts paid, or to be paid, as compensation in accord with subsection (4) (a) ; this amounted to $3,081.50. The parties were ordered to bear their own costs.
Bortz then sought a rehearing, asserting that the court should have apportioned the judgment and costs in accord with subsection (3) (a), a subsection usually producing a greater return for the claimant. On May 12, 1970, rehearing was granted, and *111 the trial court reversed itself. Agreeing with Bortz that subsection (3) (a) should apply, notwithstanding the fact that the carrier filed the suit under subsection (4) (a), the court said on rehearing: “F.S. 440.39(4) (a), does not intend to enlarge the subrogation rights of the employer and its insurance carrier under F.S. § 440.39(3)(a), and this Court hereby determines the subrogation rights of plaintiff insurer, Aetna Casualty & Surety Co., to be $2,000.00 herein.” The litigants were again directed to bear their own costs.
On Aetna’s appeal, a divided District Court affirmed through a decision reported at 246 So.2d 114 (3rd D.C.A.Fla.1971). The majority simply held that the Workmen’s Compensation law was to be construed in favor of the working man, and that the trial court was correct in its construction of subsections (3) (a) and (4) (a) of Fla.Stat. § 440.39, F.S.A. The dissenting judge stated that the District Court should have entered a reversal based on the plain wording of the statutory subsections, and on authority of General Guaranty Ins. Co. v. Moore, 143 So.2d S41 (2nd D.C.A.Fla.1962), and Zurich Insurance Co. v. Renton, 189 So.2d 492 (2nd D.C.A.Fla.1966).
We agree with the dissenting District Court Judge. The judgment of the trial court on rehearing should have been reversed. Subsections (3) (a) and (4) (a) of Fla.Stat. § 440.39, F.S.A. involve distinctly different subrogation rights which have been purposefully, albeit awkwardly, constructed to accomplish specific objectives. In order to understand the distinctions, and so to understand why the trial court was in error, one must look at the progress of the statute from its inception to the present.
Florida’s initial Workmen’s Compensation Act was adopted as Laws 1935, ch. 17481. Section 39 of that Act required that an employee, injured on the job by a third party tortfeasor, elect between claiming Workmen’s Compensation or bringing an independent tort action against the third party. If compensation were elected, then the employer was subrogated to the exclusive right of action against the tortfeasor, and no independent tort action could be initiated by the employee thereafter.[2] Any amount subsequently recovered by the employer against the third party was subject to full deduction of all compensation benefits, costs, fees and expenses expended by the employer, with only the remainder going to the employee. A twofold theory lay behind this provision for automatic subrogation: first, the compensation act was not designed to extend tort immunity to third parties who were strangers to the employer-employee relationship; second, the injured employee was not to be allowed a double recovery, i. e., one from the employer in compensation benefits, and one from the third party as a result of a tort suit.
Subsequent revisions of Section 39 in the form of Comp.Gen. Laws Supp.1936, § 5966(38), and Laws 1937, ch. 18413, § 14, did not materially alter its subrogation provisions, but substantial change was wrought by Laws 1947, ch. 23822. The 1947 revision left intact the requirement of absolute election, the exclusive subrogation in the employer if compensation was elected, and the employer’s priority over any recovery resulting from suit by the employer. And it added a provision allowing the employer to bring suit either in its own name, and/or in the name of the employee. But even so, it also provided for a less restricted approach to the right of the employee to sue. Notwithstanding a claim for compensation, the employee was now allowed to bring suit against a third party for his sole benefit should any of these contingencies occur: (1) if the employer failed to bring an action against the third party within one year; (2) if the employer *112 waived his right of action in writing within the first year; or, (3) if compensation was denied. Commentary on the 1947 revision of Section 39 can be found in 1 U. Fla.L.Rev. 278 (1948); Burton, Florida Workmen’s Compensation 1935 to 1950, 5 Miami L.Q. 74, 91 (1950).
In 1951, Section 39 was shaped into substantially its current form through a radical revision occurring as Laws 1951, ch. 26546, § 1. This revision abolished the election requirement, and gave the employee the right to claim compensation while simultaneously pursuing a remedy against the third party tortfeasor. The employer continued to be subrogated to the rights of the employee claiming compensation, but the mechanics of subrogation were altered so as to favor the claimant if he brought suit against the third party within the first year.
The claimant filing suit within this time period was given the right to sue either in his own name, or in his own name and for the use and benefit of the employer. The employer was allowed to file record notice of payment of benefits in claimant’s suit, but this notice constituted a lien on any judgment only: “[T]o the extent that a court may determine to be their [employer and carrier] pro rata share for compensation benefits paid or to be paid under the provision of this law, based upon such equitable distribution of the amount recovered as the court may determine .” Thus, full recovery of compensation benefits was no longer to be the measure of the employer’s subrogation within the first year.
The subrogated interest ultimately recovered by the employer (or carrier) was to be reduced by “[T]heir pro rata share of all court costs expended by the plaintiff [claimant] in the prosecution of the suit including reasonable attorney’s fees for plaintiff’s attorney, such proration of the court costs and attorney fees to be made by the judge of the trial court upon application therefore and notice to the adverse party.” The burden of prosecuting the suit was to be shared, even though suit was instituted by the claimant, because the employer would also benefit by any recovery resulting from the suit.
If the claimant employee failed to bring suit within one year after the cause of action accrued, then the employer was given the right to institute suit either in the employer’s name, the name of the employee, or in the name of the employee for the use and benefit of the employer. Having initiated the action, the employer was then entitled to recover from any judgment or settlement: “All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made. . . .” Fees, costs and expenses were to be shared through a prorated division, the same as if the claimant had initiated the action, because the claimant would also benefit by any recovery. The remaining balance of the recovery or settlement went to the claimant.
The 1951 revision’s abrupt departure from the original scheme of subrogation, which had favored the employer exclusively, was a legislative reaction to abuses which had become apparent in the system. Fidelity Cas. Co. of New York v. Bedingfield, 60 So.2d 489 (Fla.1952). It commonly occurred that the employer’s carrier was also the third party tortfeasor’s insurer, a situation which often resulted in settlement or recovery being limited to the amount expended in compensation. Even when this problem did not exist, control of the tort suit was out of the hands of the party most concerned with maximizing a recovery, i. e., the claimant. A balance of the respective interests was restored by allowing the claimant the right to seek compensation and to file suit within the first year. The time limitation had its own twofold purpose; first, to create an inducement for the claimant to initiate his own speedy *113 remedy against the third party; second, to provide 'a guarantee that if the claimant did not act, the employer could protect his own interests by filing suit after the first year. Zurich Ins. Co. v. Renton, 189 So.2d 492 (2nd D.C.A.Fla.1966); General Guaranty Ins. Co. v. Moore, 143 So.2d 541 (2nd D.C.A.Fla.1962).
The next revision of Section 39 occurred as Laws 1959, ch. 59-431, § 1. While retaining the basic language of the 1951 revision, it provided that if suit was not brought by the employer within the second year, the right to file an action again reverted to the claimant employee.[3] Although not applicable to this litigation, we note that the most recent revision, that of Laws 1970, 70-148, § 6, requires the employer to give thirty days’ notice prior to instituting suit in the second year.
The consequences of these successive revisions cannot be ignored. They represent a continuing legislative endeavor to balance respective interests in a manner consistent with the underlying theory that a double recovery should be avoided without extending tort immunity to strangers outside of the employer-employee relationship. Thus, we have gone from an approach favoring total reimbursement of the employer, (Laws 1935, ch. 17481, § 39; Comp.Gen.Laws Supp. 1936, § 5966(38); Laws 1937, ch. 18413 § 14; Laws 1947, ch. 23822), to an approach providing for an alternative distribution depending on who initiates suit or settlement, and when it is done (Laws 1951, ch. 26546, § 1; Laws 1959, ch. 59-431; Laws 1970, ch. 70-148 § 6).
The distinction in recovery rights between what are now designated as subsections (3) (a) and (b), and (4) (a) and (b) of Fla.Stat. § 440.39, F.S.A., has not gone unnoticed in the treatises and commentaries. See 4 U.Fla.L.Rev. 382, 390 (1951); Comment, Workmen’s Compensation — Liabilities of Third Parties, 14 U.Miami L. Rev. 169 (1959); Cappucio, Subrogation in Florida, 21 U.Miami L.Rev. 240, 252 (1966); Alpert, Fla.Workmen’s Comp.Law, §§ 28:1-28:6 (1966); 2 Larson, Workmen’s Compensation, § 74 (1970). Nor has the distinction escaped notice in our case law; General Guaranty Ins. Co. v. Moore, supra; Zurich Ins. Co. v. Renton, supra; Home Indemnity Co. v. McAdams, 139 So. 2d 433 (3rd D.C.A.Fla.1962); Bituminous Cas. Co. v. Florida Power & Light, 190 So.2d 426 (4th D.C.A.Fla.1966). And recently, in Trail Builders Supply Co. v. Reagan, 235 So.2d 482, 484 (Fla.1970), this Court, in discussing the operation of Fla. Stat. § 440.39, F.S.A., said:
“3. If the employee recovers, the employer has a lien on the proceeds and can recover by way of equitable distribution all or a portion of the benefits conferred by the Act on the employee. F.S.1967, § 440.39(3) F.S.A.
“4. If the employee does not within one year sue the third party tortfeasor, then the employer may sue and get back all of the benefits the employer has paid the employee. F.S.1967, § 440.39(4) F. S.A.”
Let us now turn to the facts of the instant case and determine which rights were applicable. Although claimant Bortz was injured by a third party tortfeasor on June 3, 1968, he did not file suit or negotiate a settlement within one year after the cause of action accrued. On June 27, 1969, within the second year, Aetna, as carrier for the employer, filed suit under authority of subsection (4) (a) against the third party individually, and for the use and benefit of Bortz. Thereafter, Bortz began to protest the fact that Aetna had filed suit for his use and benefit; ultimately he filed a motion to substitute counsel, which was granted by the trial court, although the court *114 did leave Aetna in the suit as a party-plaintiff.
Although it is assumed that the right of the employer and the employee are concurrent in the second year, once the employer files suit under subsection (4) (a), or undertakes to negotiate a settlement (with notice to the employee, and so long as no suit has been filed and no settlement has been reached by the employee and the third party), the employee is required to co-operate with the effort. Zurich Ins. Co. v. Renton, supra; Jersey Ins. Co. of New York v. Cuttriss, supra. Cooperation by the claimant is expected since the employer is initiating action for the claimant’s ultimate use and benefit under a statutory grant of power.
We agree that a claimant is entitled to have his own counsel monitor the employer’s suit, and even participate actively, if permitted by the employer, but the ultimate governance over the cause is within the province of the employer when suit is brought under subsection (4) (a). The trial court’s order of substitution was erroneously entered over objection by Aet-na; however, an order allowing Bortz’ counsel to be added to the cause for purposes of assisting Aetna would have been permissible, so long as Aetna was recognized as the controlling party plaintiff in the suit. Of course, addition of claimant’s counsel to the ranks of the plaintiff attorneys would not transform a cause from a subsection (4) (a) suit to a subsection (3) (a) suit. See General Guaranty Ins. Co. v. Moore, supra.
When the third party tortfeasor admitted liability, and $5,100.00 was levied in judgment against him, the trial court correctly awarded Aetna the $3,081.50 due it for its compensation liability. Accordingly, the court was in error when it reversed itself on rehearing, granted Aetna only $2,000.00, and declared that subsection (3) (a) governed distribution of the judgment even though suit was brought under subsection (4) (a) by the employer. In both its initial judgment, and its judgment on rehearing, the trial court directed that the parties bear their own costs. We see no abuse of discretion in this under the circumstances.
The decision of the District Court of Appeals, Third District, is quashed, and that court is instructed on remand of this cause to order the reinstatement of the initial judgment of the trial court.
It is so ordered.
ROBERTS, C. J., ADKINS and BOYD, JJ., and MASON, Circuit Judge, concur.

. The District Court’s opinion conflicts with General Guaranty Ins. Co. v. Moore, 143 So.2d 541 (2nd D.C.A.Fla.1962); Zurich Ins. Co. v. Renton, 189 So.2d 492 (2nd D.C.A.Fla.1966); Trail Builders Supply Co. v. Reagan, 235 So.2d 482 (Fla.1970).

. In our discussion of the revision of § 39 from 1935 to date, the term “employer” is used throughout and should be considered ns including the employer’s currier where applicable,

. This revision also added subsection (3) (b) to § 39; this provided that if the employer or carrier has given written notice of subrogation rights, and thereafter a settlement is reached, the measure of subrogation is to be that provided by (3) (a),