LETTS, Chief Judge.
This appeal considers whether an injured employee, who has received workmen’s compensation, can sue a third party tort-feasor for the first time after the passage of three years, although the compensation carrier has, in the second year following the accident, given the thirty day notice of its intention to seek subrogation and has filed an appropriate suit in that same second year. We hold the employee does not have a separate cause of action against the tort-feasor.
A detailing of all the facts would add little to this opinion and we thus restrict ourselves to those necessary to support our conclusion. The gravamen of this controversy is found in the following excerpt from the 1975 version of the applicable Florida statute, the year 1975 being the one in which the employee was injured in a car accident while within the scope of his employment. Section 440.39 (4 through 6) reads in pertinent part:
(4)(a) If the injured employee or his dependents, as the ease may be, fail to bring suit against such third party tort-feasor within 1 year after the cause of action thereof shall have accrued, the employer, if a self-insurer, and if not, the insurer carrier, may, after giving 30 days’ notice to the injured employee or his dependents and the injured employee’s attorney, if represented by counsel, institute suit against such third party tort-feasor, either in his own name or as provided by subsection (3), and, in the event suit is so instituted, shall be subrogated to and entitled to retain from any judgment recovered against, or settlement made with, such third party, the following: All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made, together with all court costs, including attorney’s fees expended in the prosecution of such suit, to be prorated as provided by subsection (3). The remainder of the moneys derived from such judgment or settlement shall be paid to the employee or his dependents, as the case may be.
(b) If the carrier or employer does not bring suit within 2 years following the accrual of the cause of action against a third party tort-feasor, the right of action shall revert to the employee or, in the case of his death, those entitled by law to sue, and in such event the provisions of subsection (3) shall apply.
(5) In all cases under subsection (4) involving third party tort-feasors, where compensation benefits under this law are paid, or are to be paid, settlement either before or after suit is instituted shall not be made except upon agreement of the injured employee or his dependents and the employer or his insurance carrier, as the case may be.
(6) Any amounts recovered under this section by the employer or his insurance carrier shall be credited against the loss-experience of said employer.
We must admit we can find no specific language in the above quotation which prohibits the filing of a second law suit by the injured employee even though the compensation carrier has already done so. However, we agree with the Second District’s holding that the language of the statute “contemplates the filing of only one suit against the third party tort-feasor.” Maryland Casualty Company v. Simmons, 193 So.2d 446, 449 (Fla. 2d DCA 1966). We also believe our Supreme Court is in agreement with our conclusion by reason of the following language taken from Aetna Casualty and Surety Co. v. Bortz, 271 So.2d 108, 114 (Fla.1972):
*904 Although it is assumed that the right of the employer and the employee are concurrent in the second year, once the employer files suit under subsection (4)(a), or undertakes to negotiate a settlement (with notice to the employee, and so long as no suit has been filed and no settlement has been reached by the employee and the third party), the employee is required to co-operate with the effort. Zurich Ins. Co. v. Renton, [189 So.2d 492], supra; Jersey Ins. Co. of New York v. Cuttriss [220 So.2d 15], supra. Co-operation by the claimant is expected since the employer is initiating action for the claimant’s ultimate use and benefit under a statutory grant of power.
We agree that a claimant is entitled to have his own counsel monitor the employer’s suit, and even participate actively, if permitted by the employer, but the ultimate governance over the cause is within the province of the employer when suit is brought under subsection (4)(a).
_ True, the Bortz case is by no means on all fours. Nonetheless, we are not convinced by the employee’s arguments that Bortz is not apropos. We also are not dismayed by what may appear, at first blush, to be a Supreme Court case to the contrary. See Rosenthal v. Scott, 150 So.2d 433 (Fla.1961). Most importantly, Rosenthal does not involve workmen’s compensation and makes no mention of the statute which we have before us for consideration now. Secondarily, it is an old case which latter preceded the Bortz decision for which we have preference.
Passing now to a procedural point which merits discussion, the record reveals that the carrier only gave the thirty day notice to the employee’s lawyer and did not give independent notice to the employee as is also required by Subsection (4)(a) of the above quoted statute. It is true that the trial judge found as a matter of fact that independent notice was given to the employee but we must agree that deciding questions of fact on a motion to dismiss is improper. Accordingly, we address the problem as if only the lawyer was so advised by the carrier.
To us, it would appear that advice to both, is only a procedural requirement and we do not see why the third party tort-feasor should suffer the consequences of any procedural snafu in which he played no part. The main questions are: “Was due process complied with?” and “Was the protection envisaged by the statute afforded to the employee?” We answer both questions in the affirmative. In so concluding, we do not mean to foreclose any legal remedy which the employee might have against either the compensation carrier or his attorney. We do, however, believe that the spirit and intent of the statute was substantially complied with when the employee’s legal counsel was advised. If one is contemplating suit, who better to advise than an interested party’s lawyer? Presumably, a lawyer knows much more about the ramifications of such a thirty day notice than would his lay client.
AFFIRMED.
HURLEY, J., concurs.
HERSEY, J., dissents with opinion.