448 So.2d 1009 (1984)
Dorman K. KIMBRELL, Jr., and Earlene M. Kimbrell, His Wife, Petitioners,
v.
Phillip PAIGE, et al., Respondents.
No. 63171.
Supreme Court of Florida.
April 5, 1984.
Schuler & Wilkerson, P.A., and Edna L. Caruso, West Palm Beach, for petitioners.
Samuel Tyler Hill of Hill & Neale, Fort Lauderdale, Frank W. Weathers of Weathers & Seaman, Lantana, for respondents.
ADKINS, Justice.
This cause is before us on a question certified to the Court by the Fourth District Court of Appeal in Kimbrell v. Paige, 422 So.2d 902, 905 (Fla. 4th DCA 1982), as one of great public importance. The question is:
Does Section 440.39(4), Florida Statutes (1981), bar a separate suit against a third party tort-feasor by an injured employee when such suit is filed more than one year after the cause of action accrued and the compensation carrier, in the second year following the accident, gave the *1010 thirty day notice of its intention to seek subrogation and filed an appropriate suit against the third party tort-feasor?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Section 440.39(4-6), Florida Statutes (1981), reads:
(4)(a) If the injured employee or his dependents, as the case may be, fail to bring suit against such third-party tort-feasor within 1 year after the cause of action thereof shall have accrued, the employer, if a self-insurer, and if not, the insurance carrier, may, after giving 30 days' notice to the injured employee or his dependents and the injured employee's attorney, if represented by counsel, institute suit against such third-party tortfeasor, either in his own name or as provided by subsection (3), and, in the event suit is so instituted, shall be subrogated to and entitled to retain from any judgment recovered against, or settlement made with, such third party, the following: All amounts paid as compensation and medical benefits under the provisions of this law and the present value of all future compensation benefits payable, to be reduced to its present value, and to be retained as a trust fund from which future payments of compensation are to be made, together with all court costs, including attorney's fees expended in the prosecution of such suit, to be prorated as provided by subsection (3). The remainder of the moneys derived from such judgment or settlement shall be paid to the employee or his dependents, as the case may be.
(b) If the carrier or employer does not bring suit within 2 years following the accrual of the cause of action against a third-party tortfeasor, the right of action shall revert to the employee or, in the case of his death, those entitled by law to sue, and in such event the provisions of subsection (3) shall apply.
(5) In all cases under subsection (4) involving third-party tortfeasors, where compensation benefits under this law are paid, or are to be paid, settlement either before or after suit is instituted shall not be made except upon agreement of the injured employee or his dependents and the employer or his insurance carrier, as the case may be.
(6) Any amounts recovered under this section by the employer or his insurance carrier shall be credited against the loss-experience of said employer.
The district court concluded that the language of the statute contemplates the filing of only one suit against the third-party tortfeasor. 422 So.2d at 903 (citing Maryland Casualty Co. v. Simmons, 193 So.2d 446, 449 (Fla. 2d DCA 1966)). The petitioners contend that the language of the statute does not prevent them from filing a separate action against the tortfeasor in spite of the fact that his compensation carrier has filed suit against the tortfeasor and his given him notice in accordance with section 440.39.
The facts of this case show that the petitioner, Dorman Kimbrell, was injured in an automobile accident in the course of his employment. His compensation carrier paid him disability and medical benefits. Over a year after the accident had occurred, the carrier gave notice to petitioners' attorney and filed suit against the tort-feasors. While this suit was pending, petitioners Dorman Kimbrell and his wife, Earlene Kimbrell, filed suit. The defendants in petitioners' common law action filed a motion to dismiss in the trial court alleging that the judgment obtained in the carrier's suit barred petitioners' claim. The trial court entered an order dismissing the suit with prejudice and the appeal to the district court followed.[1] The Fourth District Court of Appeal affirmed the trial court's decision.
When an employee is injured while in the course of his employment and he later accepts *1011 compensation benefits, the compensation carrier becomes subrogated to the rights of the employee against the tort-feasor to the amount of the benefits paid. § 440.39(2), Fla. Stat. (1981). The statute gives the carrier the right to institute an action against the third-party tortfeasor if the employee does not institute an action during the first year after the accrual of the cause of action. § 440.39(4)(a); Jersey Insurance Co. v. Cuttriss, 220 So.2d 15 (Fla. 3d DCA 1969). If the employee does not bring suit within the first year, the insurance carrier can file suit after giving the required thirty-day notice to the employee (or his dependents) and the employee's attorney. § 440.39(4)(a). It is clear that the right to institute suit is concurrent during the second year after the accrual of the cause of action, but if the carrier does file suit first, we believe that the only sensible interpretation of the intent of the statute is that it precludes the employee from also being able to maintain suit at that time. Accord Cuttriss; Maryland Casualty Co. v. Simmons, 193 So.2d 446 (Fla. 2d DCA 1966); Zurich Insurance Co. v. Renton, 189 So.2d 492 (Fla. 2d DCA 1966), cert. denied, 200 So.2d 815 (Fla. 1967). We agree with the presumption made by our Second District Court of Appeal in Zurich Insurance Co. v. Renton. That court discussed the legislative intent in allowing the compensation carrier to file an action during the second year after the accident and stated: "[I]t is to be presumed that this was intended by the legislature as a matter of policy, thus to hasten the disposition of third party litigation." 189 So.2d at 494 (citing General Insurance Co. v. Moore, 143 So.2d 541 (Fla. 2d DCA 1962).
This Court recognized that only one suit against an alleged tortfeasor is contemplated by section 440.39 in the case of Aetna Casualty and Surety Co. v. Bortz, 271 So.2d 108 (Fla. 1972). As was indicated by the Fourth District below, Bortz is not factually on all fours with the instant case. Nonetheless, the basic premise underlying Bortz is that the statute does not permit more than one suit to be brought for the claim of an injured worker against a tort-feasor.
The decision below contains an excerpt from Bortz. The excerpt emphasizes that the ultimate governance of the cause is within the province of the employer when suit is brought under subsection (4)(a). Cooperation by the claimant is expected since the employer is initiating the action for the claimant's ultimate use and benefit under the statute. 422 So.2d at 905, citing 271 So.2d at 114.
In Bortz this Court examined the history of statutory schemes of subrogation and workers' compensation claims. We stated:
The consequences of these successive revisions cannot be ignored. They represent a continuing legislative endeavor to balance respective interests in a manner consistent with the underlying theory that a double recovery should be avoided without extending tort immunity to strangers outside of the employer-employee relationship.
271 So.2d at 113. This conclusion is important in the context of the instant case. If the petitioners' position were adopted by this Court, the consequence would be that a double recovery would be likely to result. In the present case the carrier has already obtained a judgment for the amount of its expenditures for medical, loss of wages and loss of wage earning capacity. These same items are claimed in petitioners' suit. Since the payments to petitioner under workers' compensation cannot be revealed to the trier of the facts, a double recovery is almost certain to occur. See § 627.7372(3), Fla. Stat. (1981).
As Bortz points out, it was the legislative intent to provide an inducement for the injured worker to initiate his own speedy remedy against the third party by filing suit within one year. If he failed to do so, the employer was then allowed to protect his interests by filing suit after the first year. 271 So.2d at 112-13. It is obvious that if the petitioners' contentions were to be adopted by us, the legislative purpose of the statute as previously determined by this Court would be entirely frustrated.
*1012 We believe our holding today is also consistent with principles of res judicata. From Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927), to the present, Florida courts have consistently adhered to the rule that:
A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.
Id. at 829, 114 So. at 552 (citations omitted). See also In re Haskin's Estate, 63 So.2d 320 (Fla. 1953); Knabb v. Duner, 143 Fla. 92, 196 So. 456 (1940); Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA 1981), review denied, 412 So.2d 469 (Fla. 1982).
Accordingly, we approve the decision of the Fourth District Court of Appeal and answer the certified question in the affirmative.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.
EHRLICH, Judge, concurring in part and dissenting in part.
I concur in the result reached by the majority, but I disagree on two major issues  the claimant's right to bring suit in the second year after the cause of action accrues and the effect of the dismissal of claimant's action on his wife's cause of action for loss of consortium.
Section 440.39(4)(b) provides "[i]f the carrier or employer does not bring suit within 2 years following the accrual of the cause of action against the third-party tortfeasor, the right of action shall revert to the employee." (Emphasis supplied.) If the right of action "reverts" to the employee during the second year, it simply means that he did not have such right of action during the second year. For this reason, I think the opinion of the majority is not correct in saying that the right to institute suit is concurrent during the second year after the accrual of the cause of action.
Furthermore, the right of the employer or the carrier to bring suit during the second year after the accrual of the cause of action carries with it the duty to deal fairly with the interests of the employee. This Court has previously recognized that in bringing the suit the carrier "is initiating action for the claimant's ultimate use and benefit under a statutory grant of power," Aetna Casualty & Surety Co. v. Burtz, 271 So.2d 108, 114 (Fla. 1972). This means that if the carrier files suit, then it must make claim for all the damages to which the injured employee is entitled, i.e., medical expenses, loss of earnings, permanent disability, pain and suffering, because the employee is precluded from maintaining the action thereafter.
There is a distinct monetary advantage to the carrier to maintain the action. It can recover all amounts paid as compensation and medical benefits and the present value of all future compensation benefits, to be held in a trust fund from which future payments of compensation are to be made, together with court costs and attorney's fees. While the compensation act does not spell out what damages the carrier may claim in the event it brings suit during the second year, the act mandates that the remainder of the monies derived from the suit, after the carrier has deducted the sums to which it is entitled, shall be paid to the employee or his dependents, as the case may be. There can only be a "remainder" if the carrier claims damages over and above that which it recovers for itself and I conclude that it is implicit from this statutory language that all elements of damages must be included in the claim asserted by the carrier.
In the instant case, the carrier limited its claim to the disability and medical benefits furnished to the employee, and the final judgment entered in behalf of the carrier effectively precluded the employee from ever making claim for the other damages *1013 sustained by him to which he would otherwise be entitled. This was an egregious breach of the good faith and fair dealing the carrier owed to the employee, and the carrier, because of this willful failure to make claim for all damages to which the claimant may be entitled, should be liable for those elements of damage the claimant forfeited as a result of the carrier's failure to protect his interest.
The second issue which concerns me is the dismissal with prejudice of the claimant's wife's suit against the tortfeasor. Although the majority refuses to address the issue as not before us, this ignores the Court's discretion to address all issues pertinent to the decision. See, e.g., Sanchez v. Wimpy, 409 So.2d 20 (Fla. 1982); Zirn v. Charles Pfizer & Co., 128 So.2d 594 (Fla. 1961). The wife has a derivative cause of action for damages for loss of consortium and services growing out of her husband's injury. Gates v. Foley, 247 So.2d 40 (Fla. 1971). Her claim, which is not governed by the workers' compensation act, was nonetheless dismissed along with the claim of her husband, the employee. The carrier litigated the issue of liability in the husband's stead. Burtz. The wife's claim would not have been barred had her husband brought suit, Scudder v. Seaboard Coast Line Railroad, 247 So.2d 46 (Fla. 1971), thus the carrier's suit cannot preclude her cause of action. The trial court's dismissal of her claim, affirmed by the district court of appeal, is clearly erroneous. While I agree that the husband's claim is barred, the wife's claim is not, and I would disapprove the district court of appeal's affirmance of the dismissal of the wife's claim, and would remand with instruction to set aside such dismissal.
NOTES
[1] We will not address the issue of any claim of loss of consortium on the part of Earlene Kimbrell inasmuch as that issue is not before us.