WARNER, Judge.
Appellant challenges the trial court’s order denying its motion for injunctive relief to enforce section 723.063(2), Florida Statutes (1991), requiring a mobile home owner to deposit disputed rent in the registry of the court as a condition precedent to maintaining as a defense material noncompliance with the provisions of Chapter 723 governing mobile home park tenancies. Because the language of the statute is unambiguous and mandatory, we reverse.
Appellant operates a mobile home park in Indian River County, Florida. Its predecessor in title was granted a franchise in 1974 to construct and operate a privately owned water and sewer system to serve its park. The county conditioned the franchise on the franchisee’s agreement to connect to the county system and transfer ownership of its plant without charge when the county system expanded to the point that service was available to the park.
In 1984 the county adopted an ordinance imposing impact fees upon any landowner thereafter connecting to its water and sewer system. When the county notified appellant to connect to the county system pursuant to the 1974 agreement, it also imposed impact fees of $2,711 per lot and construction fees of $425 per lot for each connection. Appellant paid these fees.
Appellant informed its tenants of the connection and the necessity for the lot renters to pay these impact and construction fees. While there are several forms of lease agreements used in the park, this appeal concerns those renters under "D” leases. Those renters refused, requiring appellant to file suit for declaratory relief and for a judgment for unpaid rent against *1360 appellees. The renters answered and asserted as affirmative defenses the material noncompliance of appellant with the provisions of Chapter 723, Florida Statutes, precluding appellant from charging the sums in dispute. Appellant moved for an injunction to enforce section 723.063(2) and to require the defendants to deposit the sums in dispute in the registry of the court, which relief the trial court denied, necessitating this appeal.
Paragraph 6 of the “D” leases in this case provides as follows:
The TENANT also agrees to pay as additional rent its proportionate share of any increases in real estate taxes, utility assessments, or any other governmental costs or taxes if such taxes or costs increase during the term of this lease. The TENANT shall receive thirty (30) days written notice of any such increases.
Section 723.063(2), Florida Statutes (1991), provides as follows:
In any action by the park owner or a mobile home owner brought under subsection (1), the mobile home owner shall pay into the registry of the court that portion of the accrued rent, if any, relating to the claim of material noncompli-anee as alleged in the complaint, or as determined by the court. The court shall notify the mobile home owner of such requirement. The failure of the mobile home owner to pay the rent, or portion thereof, into the registry of the court as required herein constitutes an absolute waiver of the mobile home owner’s defenses other than payment, and the park owner is entitled to an immediate default.
Appellees claim that the assessment of the impact and construction fees are not “rent”. The lease includes “other governmental costs” as “additional rent”, and while section 723.003(10) includes such charges as “pass through charges”, under section 723.037(1) such pass through charges are treated as increases in the “lot rental amount”. Thus, both the statute and lease agreement treat these charges as “rent”.
Appellees claim that the rent is not “accrued” within the meaning of section 723.-063 because it is disputed by them. However, “accrued rent” within the meaning of the statute must be taken in its ordinarily understood meaning of “due but not yet paid.” Black’s Law Dictionary, p. 21 (6th Ed., West 1990). Here the additional rent was due within the provisions of the lease but not paid by the tenants. Therefore, the provisions of Section 723.063 apply.
Appellees suggest that sections 723.033(1)- and (2), regarding the reasonableness of the rental increase, eliminate their obligation to deposit the rent under section 723.063(2). However, nowhere does 723.033 address the deposit provisions and indicate that they do not apply. If the legislature expected that the deposit statute was inapplicable to certain defenses raised under the statute, it certainly did not say so. We are bound by the express language of the statute and are required to construe all of the statutes together.
Our construction of section 723.063(2) is consistent with our construction of a similar statutory provision in section 718.-401(4)(a), Florida Statutes, requiring deposit of rent when contesting a suit for accrued rent due under a leasehold. In Cenvill Investors, Inc. v. Condominium Owners Organization of Century Village East, 556 So.2d 1197 (Fla. 4th DCA 1990), this court said:
The dual purpose of the statute also lends support to the proposition that it should apply under these circumstances. One purpose of the statute is explained in Saul v. Basse, 375 So.2d 290 (Fla. 2d DCA 1979):
[§ 718.401(4)(1) ] contemplates the establishment of a secured fund which would be available to satisfy any monetary judgment obtained in favor of petitioners against respondents. Failure to require all rents to be deposited into the registry of the court may cause irreparable injury to petitioners in that petitioners could be required to seek other sources to satisfy any judgment they should obtain. Such alternative sources may not exist or may be *1361 insufficient to fully satisfy the judgment.
A second purpose of the statute is to require the unit owners to continue to pay rent during the pendency of litigation. This is intended to benefit the lessor who, in the absence of such a provision, might be totally deprived of rental payments throughout the course of protracted litigation and even after prevailing in that litigation might very well be confronted with the requirement of bringing suit for eviction or past due rent.
Thus, the statute, while imposing burdens, likewise affords benefits to both contracting parties. While we make no other judgment on the wisdom of the legislation, we hold that it was appropriately applied in this case.
The purpose of section 723.063(2) is the same. Appellant has shown that the statute applies to this controversy, and the trial court erred in failing to require a deposit in accordance with its terms.
The amount of the deposit is, however, another matter. Appellees argue that there is a limitation on any rent increase by the terms of the contract, while appellant claims that the rent limitation does not apply. Even if it does not, we note from the record that appellant offered to the tenants to spread out the payments on a monthly basis. Therefore, deposit of the full amount of the impact and construction fees may not be required. These are issue which must be addressed by the trial court.
We therefore reverse the order of the trial court and remand for a hearing to determine the amount of rent required to be deposited under section' 723.063(2).
LETTS and POLEN, JJ., concur.