696 So.2d 1266 (1997)
Carol FRYMER and Jessica Frymer and Jeffery Frymer, minors by their next of friend and father, Jack Frymer, Appellants,
v.
Mervyn BRETTSCHNEIDER, Sheila Shechtman and Nancy Tuchman, Appellees.
No. 96-3192.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
Rehearing Denied August 13, 1997.
Steven Garellek of the Law Offices of Steven Garellek, P.A., Boca Raton, for appellants.
Edward Downey of Downey & Downey, P.A., Palm Beach, for Appellee Sheila Shechtman.
STEVENSON, Judge.
We have for review an order of the trial court declining to declare void a settlement agreement entered into between two sisters, Carol Tuchman Frymer and Nancy Tuchman, and their stepmother, Sheila Shechtman, their father's second wife. We affirm the judgment of the lower court.
During his lifetime Henry Tuchman, Carol and Nancy's father, executed a revocable trust instrument. Article seven of this instrument provided that upon Tuchman's death his estate would be divided in half with equal portions being administered and ultimately distributed for the benefit of each of his two daughters. Article eight of the instrument contains a spendthrift provision precluding alienation of the income or principal *1267 until such time as it was distributed to the daughters.
Henry Tuchman died on June 13, 1986. Six days later, the settlement agreement at issue in this appeal was entered into by Tuchman's heirs  his two daughters and his wife.[1] Pursuant to the terms of the settlement agreement, Sheila Shechtman, Henry's second wife, agreed to waive any rights she may have had in her late husband's estate in exchange for $50,000 cash and the establishment of a $200,000 trust.
In October of 1991, Frymer filed suit in Canada against Shechtman and Mervyn Brettschneider, the trustee, to have the settlement agreement set aside arguing that establishment of the trust for Shechtman violated the spendthrift provision of the trust instrument. The Canadian court dismissed the action on the basis of forum non conveniens finding the Florida courts to be the more appropriate forum.
In December of 1994, nearly nine years after the settlement agreement was entered into and a little over three years after the Canadian court dismissed the original action, Frymer and her two children, as contingent beneficiaries of the trust established by their grandfather, filed suit in Palm Beach County seeking to have the settlement agreement declared void.[2] In return, Shechtman filed a counter claim seeking enforcement of a cost judgment entered by the Canadian court. Following a bench trial, the trial court entered judgment finding, among other things, that the beneficiaries' causes of action were time barred, that the settlement agreement did not violate the spendthrift provision of the trust, and ordering Frymer to pay the Canadian court's cost judgment. We affirm the trial court's determination that the beneficiaries' causes of action were time barred, see section 95.11, Florida Statutes (1995), and, thus, do not reach the issue of the propriety of the trial court's findings on the merits of appellants' claims.
As to Shechtman's counter claim, Frymer contends that the judgment should be reversed due to Shechtman's failure to comply with the Uniform Out-of-Country Foreign Money-Judgment Recognition Act, Florida Statutes section 55.601 et seq.[3] Interestingly, this legislation was enacted not so much for the purpose of establishing a procedure for enforcement of a foreign country's judgment in a Florida court, but rather to ensure that a Florida court's judgment will be enforced abroad. FLA.H.REP.COMM. ON JUDICIARY BILL ANALYSIS & ECONOMIC IMPACT STATEMENT, HB 51  UNIF. FOREIGN MONEY JUDGMENTS, at 2 (Nov.1993). Section 55.604 does, however, set forth a procedure for enforcement of an out-of-country judgment similar to that for enforcement of a sister state's judgment, see section 55.501-507, Florida Statutes (1995), and requires that the judgment be filed with the clerk of court and then recorded in the public records. Thereafter, the clerk is to mail notice of the judgment's recording to the debtor. § 55.604(1)(b), Fla.Stat. (1995). Upon service of the notice, the judgment debtor then has thirty days within which to file a notice of objection. § 55.604(2), Fla.Stat. (1995). If the judgment debtor files objections to enforcement of the foreign country's judgment, then a hearing is to be held before the circuit court. It is only upon entry of the order resulting from such hearing that the foreign judgment may be enforced by a Florida court or a lien on any Florida real property established.[4]
In the instant case, although Frymer is correct in her assertion that the procedural provisions of the act were not complied with *1268 in every detail, we nonetheless affirm finding that Shechtman substantially complied with the act's notice requirements. The purpose of the statute's filing and mailing requirements is to ensure that the judgment debtor receives notice that another is seeking to enforce a judgment against him in a Florida court and that the debtor is afforded an opportunity to voice any objections that he may have to such enforcement. Where the purpose of the statute has not been diminished or harmed and where due process has been afforded, this court has held that substantial compliance with a statute's notice procedures is sufficient. Kimbrell v. Paige, 422 So.2d 902, 904 (Fla. 4th DCA 1982), approved, 448 So.2d 1009 (Fla.1984); see also Patry v. Capps, 633 So.2d 9 (Fla.1994) (holding that hand delivery of notice of intent to initiate litigation was sufficient to substantially comply with the notice requirement set forth in section 768.57(2), where purpose of statute's service requirements had been satisfied and neither party had been prejudiced).
Here, the counter claim seeking to enforce the Canadian judgment was part of on-going litigation between these parties. Frymer, the judgment debtor, had actual notice that Shechtman sought to have the Florida court enforce the same, since the Canadian cost judgment was attached to Shechtman's counter claim and filed with the circuit court. Additionally, Frymer had every opportunity during the litigation below to raise any objections to the judgment and to assert any grounds for non-enforcement. Thus, since Frymer had both notice and an opportunity to be heard and suffered no prejudice due to Shechtman's failure to comply with the procedural requirements set forth in the Uniform Out-of-Country Foreign Money Judgment-Recognition Act, we affirm the trial court's decision enforcing the Canadian court's cost judgment.
AFFIRMED.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] The parties also contemporaneously executed a distribution agreement which altered the time frame for distribution of the principal to the daughters. However, the distribution agreement was not the subject of the litigation below.
[2] In the Palm Beach action, a claim was added on behalf of Frymer's two children arguing that the settlement agreement should be declared void in that the children's interests were not represented in the execution of the agreement.
[3] For a discussion of some of the more substantive aspects of the legislation, see Judge Farmer's opinion in Chabert v. Bacquie, 694 So.2d 805 (Fla. 4th DCA 1997).
[4] If no objections are filed within the thirty day window, then the clerk of court may file a certificate so stating, which entitles the judgment creditor to enforcement without a hearing. § 55.604(4)-(5), Fla.Stat. (1995).