843 So.2d 917 (2003)
YACHT CLUB SOUTHEASTERN, INC., Appellant,
v.
SUNSET HARBOUR NORTH CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 3D01-2843.
District Court of Appeal of Florida, Third District.
March 5, 2003.
Rehearing, Rehearing and Certification Denied May 7, 2003.
*918 Greenberg Traurig and Alan T. Dimond and Elliot H. Scherker and Elliot B. Kula, Miami, for appellant.
Siegfried, Rivera, Lerner, De La Torre & Sobel and James Harrington; H. Hugh McConnell, Coral Gables, for appellee.
Before COPE, GODERICH, and FLETCHER, JJ.
Rehearing, Rehearing En Banc and Certification Denied May 7, 2003.
FLETCHER, Judge.
Yacht Club Southeastern, Inc. [developer] appeals an order imposing a sanction against it for its communication with members of Sunset Harbour North Condominium Association, Inc. [Sunset Association] concerning matters arising during mediation. We reverse.
Sunset Association, in its capacity as representative of the owners of units at Sunset Harbour North Condominium, sued the developer for purported construction defects. As part of the litigation the parties participated in a court-ordered mediation but failed to reach an agreement. Subsequently the developer wrote a six page letter to all individual unit owners, purportedly to inform them of the status of the legal proceedings. The letter included the amount of a settlement offer made by the developer, which amount had been rejected by the Sunset Association during mediation.
Relying on section 44.102(3), Florida Statutes (2001), the Sunset Association moved for sanctions, complaining of disclosure by the developer of confidential mediation information. Section 44.102(3), Florida Statutes (2001), reads in pertinent part:
"Each party involved in a court-ordered mediation proceeding has a privilege to refuse to disclose, and to prevent any person present at the proceeding from disclosing, communications made during such proceeding."
The trial court granted the Sunset Association's motion. The court order on the motion gave the developer the option of having its pleadings stricken or paying a $25,000 sanction. The developer elected the latter, then filed this appeal.
The developer argues that its letter was a permitted communication between parties as the individual unit owners (the members of the association) are the real parties in interest, the lawsuit having been filed on their behalf by the Sunset Association. As the real parties in interest the unit owners are entitled to know about the issues in dispute and the mediation efforts.
The Sunset Association argues that while it is true that the individual unit owners are "technically" the real parties in interest, the individual unit owners are not named parties with whom the developer may negotiate. Only the Sunset Association as the class representative can control the litigation, negotiate with the opposing party, and decide any settlement terms.
We agree with the developer that the imposition of sanctions against it is inappropriate. Section 44.102(3) grants a privilege to "each party involved in a mediation proceeding" to refuse to disclose, and to prevent other persons who were present at the mediation proceeding from disclosing communications made during such proceeding. There is nothing in the statute that precludes parties from disclosing such communications to other parties, whether they were present at the mediation proceeding or absent therefrom.
Section 718.111(3), Florida Statutes (2001) authorizes condominium associations *919 to institute and resolve various lawsuits on behalf of all unit owners.[1] Under this statutory section unit owners are the real parties in interest, having a stake in the outcome, whether named as a party or not. Likewise Rule 1.221, Florida Rules of Civil Procedure, establishes the procedure for a condominium association to bring an action "in its name on behalf of all unit owners." Under the rule the unit owners are the real parties in interest.
As a result it is clear that it was not a violation of section 44.102(3) for the developer to have disclosed mutually privileged mediation communications to the co-holders of the privilege, the real parties in interest, i.e., the unit owners. As a result we reverse the trial court's order imposing sanctions on the developer.
NOTES
[1] Section 718.111(3) makes it clear that a unit owner may opt out of such litigation and bring her/his own lawsuit. The record here reflects no option-out.