855 So.2d 167 (2003)
Ronald STRAUSS, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a foreign corporation, Appellee.
No. 4D02-4581.
District Court of Appeal of Florida, Fourth District.
August 27, 2003.
Helene Hvizd Morris, West Palm Beach, and John F. Romano of Romano, Eriksen, Cronin, and Mullins, P.A., West Palm Beach, for appellant.
Angela C. Flowers of Kubicki Draper, Miami, for appellee.
TAYLOR, J.
Ronald Strauss appeals a non-final order dismissing his complaint against Allstate Insurance Company on the ground of forum non conveniens. We reverse and remand for an evidentiary hearing.
Appellant was involved in a car accident in Pleasantville, New Jersey on August 9, 1998. The accident was allegedly caused by the negligence of Thomas Pankowicz, a Pennsylvania resident. Appellant was taken from the scene by ambulance to a New Jersey hospital, where he was treated for his injuries. Both appellant and Pankowicz were insured by Allstate. Appellant's policy included underinsured motorist coverage. After Allstate tendered the policy limits available under Pankowicz's liability coverage, appellant filed suit against Allstate to recover underinsured motorist benefits under his own policy.
Allstate moved to transfer venue to Atlantic County, New Jersey. As grounds, Allstate alleged: (1) the accident occurred in that county; (2) two other drivers involved in the accident lived in New Jersey and Pennsylvania; (3) appellant lives in his Florida home eight to nine months of each year and stays in his Ventnor, New Jersey home the remaining months; (4) appellant *168 was residing in his New Jersey home when the accident occurred; (5) appellant was treated at a hospital in New Jersey and saw at least one or two physicians in New Jersey after the accident; (6) appellant did not return to Florida until seven to nine weeks after the accident; (7) appellant and his wife filed a bodily injury lawsuit in New Jersey; and, (8) appellant gave a deposition in New Jersey in connection with the claim.
Earlier, appellant had filed an affidavit attesting to the following: (1) he is a resident of Palm Beach Gardens, Florida; (2) he is registered to vote in Florida; (3) his car is registered in Florida; (4) the subject insurance policy was issued in Florida; and, (5) he was treated before and after the accident by an orthopedic surgeon in Florida.
At the hearing on Allstate's amended motion to transfer venue, appellant asserted that the motion was mistitled because Allstate was not moving for a change of venue, but rather was seeking dismissal on forum non conveniens grounds under Florida Rule of Civil Procedure 1.061 and Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). Appellant argued that the facts in this case did not satisfy the Kinney test for forum non conveniens. Appellant further argued that venue is proper in Florida because this is essentially a contract action concerning a Florida resident's uninsured motorist coverage under a policy issued in Florida and covering an automobile registered in Florida. According to appellant, Florida law should apply to the interpretation of a Florida contract.
Applying statutory and case law pertaining to motions seeking an intrastate transfer of venue, the court entered a written order granting Allstate's amended motion to change venue "based on forum non conveniens." The order changed venue to Atlantic County, New Jersey and dismissed the case in this jurisdiction without prejudice.
Appellant seeks a reversal of the order, arguing that the trial court erroneously applied case law governing change of venue, when Allstate actually sought dismissal of this case in Florida on forum nonconveniens grounds under Florida Rule of Civil Procedure 1.061 and Kinney. Appellant argues that the trial court should have addressed the factors enunciated in Kinney before dismissing his case. Allstate concedes that the trial court mistakenly relied on the change of venue statute rather than the appropriate rule of civil procedure, but argues that the court's ruling was correct because the record supports the court's finding that Florida is an inconvenient forum.
"Forum non conveniens is a common law doctrine addressing the problem that arises when a local court technically has jurisdiction over a suit but the cause of action may be fairly and more conveniently litigated elsewhere." Kinney, 674 So.2d at 87. In Kinney, the Florida Supreme Court adopted the federal forum non conveniens doctrine, which sets out factors a court should consider in determining whether an action should be dismissed because it was brought in an inconvenient forum. The Kinney factors were later codified in rule 1.061(a). See Ira Mex, Inc. v. Southeastern Interior Constr., Inc., 777 So.2d 1107, 1109 (Fla. 4th DCA 2001). Rule 1.061(a) provides that an action may be dismissed on the grounds that relief can be sought in a more convenient forum if:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;

*169 (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
Here, the record does not demonstrate that the trial court conducted the requisite analysis of the above four factors before dismissing appellant's action against Allstate and transferring it to New Jersey. Accordingly, we reverse and remand for a determination of the Kinney factors. See Carenza v. Sun Int'l Hotels, Ltd., 699 So.2d 830 (Fla. 4th DCA 1997)(reversing order granting motion to dismiss on forum non conveniens ground and remanding for the trial court to adequately set forth its findings and conclusions under Kinney).
REVERSED and REMANDED.
WARNER and SHAHOOD, JJ., concur.