949 So.2d 297 (2007)
TRW AUTOMOTIVE U.S. LLC, (as assignee of the former TRW Inc., n/k/a Northrop Grumman Space and Mission Systems Corporation), TRW Vehicle Safety Systems, Inc., a foreign corporation, and TRW Canada Ltd., f/k/a TRW Vehicle Safety Systems, Limited, a Canadian entity, Appellants,
v.
Anibal Oscar PAPANDOPOLES, as Personal Representative of the Estate of Teresa Ivanoff, et al., Appellees.
Bridgestone Corporation, Appellant,
v.
Anibal Oscar Papandopoles, as Personal Representative of the Estate of Teresa Ivanoff, et al., Appellees.
Bridgestone/Firestone North American Tire, LLC, Appellant,
v.
Anibal Oscar Papandopoles, as Personal Representative of the Estate of Teresa Ivanoff, et al., Appellees.
Bridgestone/Firestone North American Tire, LLC, Appellant,
v.
Blanca Del Valle Yampa, individually and on behalf of her son, Ronald Gustavo Manrique Eyzaguirre, Jr., a minor, et al., Appellees.
Ford Motor Company, a foreign corporation, Appellant,
v.
Anibal Oscar Papandopoles, as Personal Representative of the Estate of Teresa Ivanoff, and Blanca Del Valle Yampa, individually, and on behalf of her son, *298 Ronald Gustavo Manrique Eyzaguirre, Jr., a minor, et al., Appellees.
Nos. 4D05-4816 to 4D05-4820.
District Court of Appeal of Florida, Fourth District.
February 14, 2007.
David B. Weinstein and Matthew Coveler of Pillsbury Winthrop Shaw Pittman, LLP, Houston, and Maria T. Kleppinger and Scott A. Cole of Cole, Scott & Kissane, P.A., Miami, for appellants TRW Automotive U.S. LLC (as assignee of the former TRW Inc., n/k/a Northrop Grumman Space and Mission Systems Corporation), TRW Vehicle Safety Systems, Inc., a foreign corporation, and TRW Canada, Ltd., f/k/a TRW Vehicle Safety Systems, Limited, a Canadian entity.
Ralph L. Marchbank, Jr. and Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for appellant Bridgestone Corporation.
Christopher N. Bellows of Holland & Knight, LLP, Miami, for appellant Bridgestone/Firestone North American Tire, LLC.
Alina Alonso and Wendy F. Lumish of Carlton Fields, P.A., Miami, for appellant Ford Motor Company, a foreign corporation.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and John J. Uustal of Kelley Uustal, PLC, Fort Lauderdale, for appellees.
*299 HAZOURI, J.
These five cases were consolidated for the purpose of assigning them to the same panel of judges for oral argument and for issuance of this opinion, as each case appeals the same order denying appellants' joint motions to dismiss on forum non conveniens grounds. See J.M.B. v. State, 776 So.2d 353, 354 (Fla. 1st DCA 2001) (recognizing that: "A fourth form of consolidation is referred to by this court as `travel together', which simply means that the cases are assigned to the same panel of judges at the same time. This is employed when the cases are factually or legally related in some fashion but they remain separate for records and briefing, and is utilized to maximize this court's judicial resources and ensure consistent outcomes. Cases may also be consolidated for oral argument, issuance of an opinion, or both.").
Appellants, TRW Automotive U.S. LLC (as assignee of the former TRW Inc., n/k/a Northrop Grumman Space and Mission Systems Corporation), TRW Vehicle Safety Systems Inc., TRW Canada Ltd., f/k/a TRW Vehicle Safety Systems, Limited ("TRW"), Ford Motor Company ("Ford"), Bridgestone/Firestone North American Tire, LLC ("Bridgestone/Firestone"), and Bridgestone Corporation ("Bridgestone Corp."), appeal the trial court's non-final order denying their joint motion to dismiss a lawsuit filed by appellees, Anibal Oscar Papandopoles, as Personal Representative of the Estate of Teresa Ivanoff, et al. ("Papandopoles"), on forum non conveniens grounds.
Appellants, Ford and Bridgestone/Firestone, timely appeal the same order appealed in Papandopoles, which also denied their joint motion to dismiss a lawsuit filed by appellees, Blanca Del Valle Yampa, individually, and on behalf of her son, Ronald Gustavo Manrique Eyzaguirre, Jr., a minor, et al. ("Yampa"), on forum non conveniens grounds.
We reverse and remand for the trial court to conduct an adequate forum non conveniens analysis pursuant to Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996).

Papandopoles
On January 4, 2003, eight Argentine citizens were traveling in a 1998 Ford Explorer in the Town of San Pedro, Province of Buenos Aires, Argentina, when the vehicle allegedly rolled over. Six of the passengers suffered personal injuries and two suffered fatal injuries. The Papandopoles plaintiffs, including the six surviving passengers and personal representatives of the two deceased passengers, filed suit in Broward County, Florida, against appellants, TRW, Ford, Bridgestone/Firestone, and Bridgestone Corp. The complaint asserted various negligence and products liability claims against appellants, and a claim for declaratory relief against Ford for violation of Florida's Sunshine in Litigation Act, codified at section 69.081, Florida Statutes.

Yampa
On June 3, 2002, two Argentine citizens were traveling in a 1999 Ford Explorer in La Puerta, Argentina, when the vehicle allegedly rolled over. One of the passengers suffered personal injuries and the other suffered fatal injuries. The Yampa plaintiffs, including the surviving passenger and personal representative of the deceased passenger, filed suit in Broward County, Florida, against appellants, Ford, Bridgestone/Firestone, and Bridgestone Corp.[1] The complaint alleged the same *300 claims asserted in Papandopoles, adding a punitive damages claim against Ford. TRW was not a defendant in Yampa.

Motion to Dismiss for Forum Non Conveniens
In Papandopoles, appellants filed a joint motion to dismiss for forum non conveniens, seeking dismissal to Argentina. TRW independently filed a motion to dismiss for forum non conveniens, arguing in the alternative that Michigan was another adequate, alternative forum. In Yampa, Ford, Bridgestone/Firestone, and Bridgestone Corp. filed a joint motion to dismiss for forum non conveniens, adopting the motion and memorandum pertaining to Argentina filed in Papandopoles.
Prior to filing the motions in Papandopoles and Yampa, Ford and TRW filed a motion to dismiss for forum non conveniens in Nowell v. Ford Motor Co., et al., Circuit Court of Broward County, Florida case number CACE 03-2693 08. Nowell was an action against Ford and TRW, brought by different Argentine plaintiffs, arising from a different accident in Argentina, involving a different Ford Explorer, but filed in Broward County by the same law firm that filed Papandopoles and Yampa. Bridgestone/Firestone and Bridgestone Corp. were not defendants in Nowell.
In December 2003, Judge J. Leonard Fleet denied the joint forum non conveniens motion in Nowell. This court per curiam affirmed that order. See Ford Motor Co. v. Nowell, 896 So.2d 768 (Fla. 4th DCA 2005) (table). Following this court's decision in Nowell, the plaintiffs in Nowell moved to consolidate Nowell, Papandopoles, and Yampa before Judge Fleet for pre-trial purposes. Judge Fleet granted the motion.
Following the consolidation, the parties set the motions in Papandopoles and Yampa for hearing before Judge Fleet. After a brief hearing, Judge Fleet denied appellants' motions, incorporating his findings of fact and law and rulings from his order in Nowell. He made no specific findings of fact or law concerning Papandopoles and Yampa. Rather, he concluded that this court's decision in Nowell was both controlling authority and the law of the case in Papandopoles and Yampa.
Appellants argue that the trial court erred in giving Nowell preclusive effect in Papandopoles and Yampa. We agree.
First, Nowell has no precedential value because it was a per curiam affirmance. See St. Fort v. Post, Buckley, Schuh & Jernigan, 902 So.2d 244, 248-49 (Fla. 4th DCA 2005) (citing State v. Swartz, 734 So.2d 448 (Fla. 4th DCA 1999)) (acknowledging that "a per curiam affirmance without written opinion, even one with a written dissent, has no precedential value and should not be relied on for anything other than res judicata").
Second, the trial court erred in considering the ruling in Nowell to be the law of the case. Whether a ruling is the law of the case is a question of law, which this court reviews de novo. Festival Fun Parks, LLC v. Gooch, 904 So.2d 542, 544 (Fla. 4th DCA 2005) (citing D'Angelo v. Fitzmaurice, 863 So.2d 311, 314 (Fla. 2003)).
In Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1982), the First District explained:
[T]he doctrine of the law of the case [states] that whatever is once established between the same parties in the same case continues to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts in the case.
*301 Id. at 485 (citing McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323 (1935); Rosenkrantz v. Hall, 172 So.2d 518 (Fla. 3d DCA 1965)). This court's ruling in Nowell cannot be the law of the case in Papandopoles and Yampa because they are separate lawsuits involving different claims, raised by different plaintiffs, and arising out of different accidents. Further, Bridgestone/Firestone and Bridgestone Corp. were not defendants in Nowell.
Based on the foregoing, the trial court erred in giving Nowell preclusive effect in Papandopoles and Yampa.
Appellants argue next that the trial court erred in failing to conduct the four-step forum non conveniens analysis articulated by the Florida Supreme Court in Kinney. The Kinney factors were later codified in Florida Rule of Civil Procedure 1.061(a).
Rule 1.061(a) provides that an action may be dismissed on the grounds that relief can be sought in a more convenient forum if:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
Strauss v. Allstate Ins. Co., 855 So.2d 167, 168-69 (Fla. 4th DCA 2003). This court has consistently held that the trial court must conduct an analysis of these factors before ruling on a forum non conveniens motion. See Charles v. McMahon, 916 So.2d 1013, 1014 (Fla. 4th DCA 2006) (reversing order denying motion to dismiss on forum non conveniens grounds where trial court failed to engage in Kinney analysis either at the hearing or in its written order of denial); Strauss, 855 So.2d at 169 (reversing order granting motion to dismiss on forum non conveniens grounds where the record did "not demonstrate that the trial court conducted the requisite analysis of the above four factors before dismissing appellant's action"); Carenza v. Sun Int'l Hotels, Ltd., 699 So.2d 830, 831-32 (Fla. 4th DCA 1997) (reversing trial court's dismissal on forum non conveniens grounds where "[n]either the trial court's order granting defendants' motion nor its pronouncements during the hearing on the motion provide[d] th[e] court with enough information to determine whether the trial judge adequately considered each step of the Kinney test in reaching his conclusion").
The record in the instant case shows that the trial court did not conduct the required Kinney analysis as it applies to the specific facts and circumstances of Papandopoles and Yampa. The trial court noted only that appellants failed to show how their case was "significantly factually substantively different from [Nowell] in which [it] ruled on the same legal concept of forum non conveniens" and thus, "[f]or the same reasons [it] outlined in Nowell, [it] reaffirm[ed][its] decision and adopted it by reference and [made] it the decision of this case. . . ." Additionally, the trial court discounted the Kinney analysis completely when it concluded that it would "defy logic" to bring a case against an American manufacturer, arising out of the use of its product in a foreign country, *302 anywhere but in an American court. The trial court noted:
The product is sold all over the world, but the defense that's often made is, because I created this economic monster, I can't think of any other words, with its tentacles all over the world, you have to go where each tentacle leads. You can't come into one place.
It defies logic to say that, because, for example, the belt buckle is designed and manufactured in Michigan and put into a motor vehicle which is assembled in Brazil and then sold in Argentina where an event occurs, which raises a claim against an American multinational corporation, that the lawsuit should not take place within the embrasure of the United States courts.
In adopting and incorporating the findings of fact and law from Nowell, the trial court failed to address the Kinney factors as they relate to several key differences between Nowell and Papandopoles, and Nowell and Yampa. First, the trial court did not address the factors as they related to Bridgestone/Firestone and Bridgestone Corp., both not parties to the Nowell litigation. Second, the trial court did not address TRW's argument that Michigan was an adequate alternate forum in addition to Argentina. Third, although the Nowell order discusses the affidavits filed by the parties in Nowell, the trial court in Papandopoles and Yampa never addressed the affidavit of Professor Keith Rosenn, submitted by appellants for the first time in Papandopoles and Yampa. Professor Rosenn's affidavit refuted the representations concerning Argentine jurisdiction made in the affidavit of Dr. José Carlos Arcagni, submitted by appellees in Nowell, Papandopoles, and Yampa. The trial court's order could not have addressed Professor Rosenn's affidavit because it was not submitted in Nowell. However, Professor Rosenn was available to testify at the hearing in Papandopoles and Yampa, but the trial court did not take the opportunity to hear his testimony. Fourth, the trial court never addressed the additional affidavits of Dr. Arcagni and Professor Edgardo Rotman, which were not filed in Nowell.[2] Finally, the Nowell order addresses facts that are unsubstantiated by the record in the instant cases. For example, the Nowell order states that "[t]he subject Ford Explorer is currently located in Broward County, Florida." However, there is no evidence in the record to establish that this is true of the vehicles involved here.
Appellees assert two unpersuasive arguments in response. First, they claim that Charles, Strauss, and Carenza are distinguishable because:
None of those cases involved the situation, as here, where the court had made the required FNC analysis in a companion case, Nowell, which ruling was upheld on appeal; and where, in refusing to dismiss Papandopoles and Yampa, the court reaffirmed the reasons it had given in Nowell for refusing to dismiss that case to Argentina.
However, appellees cite no authority for the proposition that a trial court is absolved from engaging in the required Kinney analysis because it did so in a companion case. This is particularly true where the cases are separate lawsuits involving different claims raised by different plaintiffs *303 and arising out of different accidents. Second, appellees claim that these cases are distinguishable because the trial court ruled only after repeated requests to appellants to demonstrate the factors that distinguished the forum non conveniens claim in Papandopoles and Yampa, from the prior forum non conveniens claim in Nowell. Again, however, this does not relieve the trial court of its responsibility to engage in an analysis of the Kinney factors and articulate that analysis, as explained in Charles, Strauss, and Carenza. Further, it was error for the trial court to expect Bridgestone/Firestone and Bridgestone Corp. to explain the differences between Nowell, Papandopoles, and Yampa, where these appellants were not defendants in Nowell.
Accordingly, the trial court erred in denying appellants' motion to dismiss without first conducting the required Kinney analysis, and we remand for the trial court to hold a hearing at which it conducts that analysis under the facts of these cases. We express no opinion as to the merits of the motion to dismiss for forum non conveniens.
Reversed and Remanded.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] Bridgestone Corp. did not appeal the forum non conveniens ruling in Yampa because it alleges it was never properly served and has never appeared in that case.
[2] The two "new" affidavits by Dr. Arcagni were originally submitted in Pastor v. Bridgestone/Firestone North American Tire, LLC, et al., case number IP 04-5812, filed in the United States District Court for the Southern District of Indiana, but were not submitted in Nowell. One of these affidavits responded to contentions made by Professor Rosenn in his affidavit submitted by appellants in Pastor, where appellants sought dismissal to Argentina.