958 So.2d 1138 (2007)
Doron STROD, Appellant,
v.
Edna LEWENSTARK, Appellee.
No. 4D06-4351.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
Howard Poznanski, Boca Raton, for appellant.
Marc A. Silverman of Frank, Weinberg & Black, P.L., Plantation, for appellee.
HAZOURI, J.
Appellant, Doron Strod, appeals the trial court's entry of a final judgment domesticating a foreign judgment in favor of Appellee, Edna Lewenstark. Strod argues, inter alia, that the trial court's entry of final judgment violated his due process rights because Lewenstark failed to comply with section 55.604, Florida Statutes (2006), in notifying him of her domestication action. We agree and reverse.
Strod filed two legal claims in the State of Israel against his estranged wife and Lewenstark, his wife's mother. The Israeli court entered a judgment rejecting both of Strod's claims and required all parties to bear their own expenses and attorneys' fees. On July 6, 2006, Lewenstark recorded the Israeli judgment in the public records of Broward County. Thereafter, on July 19, 2006, Lewenstark recorded an "affidavit pursuant to § 55.604(1), Fla. Stat.," in the Broward County public records.
On September 14, 2006, Lewenstark filed a motion for entry of final judgment *1139 of domestication of foreign judgment against Strod in Broward County circuit court. On September 20, 2006, Lewenstark allegedly sent Strod a notice of hearing on her motion to domesticate foreign judgment. The hearing was scheduled for October 10, 2006. However, without a hearing, the trial court granted Lewenstark's motion and entered a final judgment domesticating the foreign judgment on October 4, 2006. At some point Strod became aware of Lewenstark's motion and on October 9, 2006, filed a motion to dismiss for lack of personal jurisdiction and motion to dismiss for lack of subject matter jurisdiction or, in the alternative, objection to recognition and enforcement of out-of-country foreign judgment.
Strod's first claim of error is that the trial court deprived him of due process in entering final judgment where Lewenstark failed to comply with section 55.604. We agree. Because this issue involves the interpretation of a statute, the de novo standard of review applies. Fla. Birth-Related Neurological Injury Comp. Ass'n v. Fla. Div. of Admin. Hearings, 948 So.2d 705, 709-10 (Fla.2007) (citation omitted).
Section 55.604(1)(a), Florida Statutes (2006), provides:
Except as provided in s. 55.605, an out-of-country foreign judgment meeting the requirements of s. 55.603 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. Procedures for recognition and enforceability of an out-of-country foreign judgment shall be as follows:
(1) The out-of-country foreign judgment shall be filed with the clerk of the court and recorded in the public records in the county or counties where enforcement is sought.
(a) At the time of the recording of an out-of-country foreign judgment, the judgment creditor shall make and record with the clerk of the circuit court an affidavit setting forth the name, social security number, if known, and last known post-office address of the judgment debtor and of the judgment creditor.
Promptly upon the recording of the affidavit and the foreign judgment, the clerk must mail notice of the recording, by registered mail with return receipt requested, to the judgment debtor at the address in the affidavit and shall note the docket accordingly. § 55.604(1)(b), Fla. Stat. (2006). A judgment creditor may also mail a notice of recording to the judgment debtor and record proof of mailing with the clerk. Id. If proof of mailing by the judgment creditor has been recorded, the failure of the clerk to mail notice of recording will not affect enforcement proceedings. Id.
Section 55.604(2), Florida Statutes (2006), states that the judgment debtor has 30 days after service of the notice to file a notice of objection with the clerk specifying grounds for nonrecognition or nonenforceability. If the judgment debtor fails to file a timely notice of objection, the clerk must record a certificate stating no objection has been filed. § 55.604(4), Fla. Stat. (2006). Moreover, upon any party's application, and after proper notice, the circuit court has jurisdiction to conduct a hearing, determine the issues, and enter an order granting or denying recognition of the foreign judgment. § 55.604(3), Fla. Stat. (2006).
Strod relies on Frymer v. Brettschneider, 696 So.2d 1266 (Fla. 4th DCA 1997), where this Court recognized:
The purpose of the [Uniform Out-of-Country Foreign Money-Judgment Recognition Act's] filing and mailing requirements is to ensure that the judgment debtor receives notice that another is seeking to enforce a judgment against *1140 him in a Florida court and that the debtor is afforded an opportunity to voice any objections that he may have to such enforcement. Where the purpose of the statute has not been diminished or harmed and where due process has been afforded, this court has held that substantial compliance with a statute's notice procedures is sufficient.
Id. at 1268 (citations omitted).
Strod's due process rights were violated in this case, as Lewenstark and the clerk did not comply with section 55.604's notice requirements either fully or substantially. First, there is no evidence in the record that the clerk mailed, by registered mail with return receipt requested, notice of the recording of the foreign judgment to Strod's last known address appearing in Lewenstark's affidavit. See § 55.604(1)(b), Fla. Stat. (2006). While the record contains a letter from Lewenstark dated July 17, 2006 that suggests it was mailed by certified mail, return receipt requested, the attached certified mail receipt has neither a postal seal on it proving mailing nor any address for Strod set forth therein. Further, there is no return receipt card in the record, or a return receipt card including Strod's signature or indicating that delivery was attempted but unsuccessful.
Section 55.604(1)(b) instructs that the clerk's failure to mail notice of recording to the judgment debtor will not affect enforcement proceedings, if proof of mailing by the judgment creditor has been recorded with the clerk. § 55.604(1)(b), Fla. Stat. (2006). Lewenstark claims her July 17, 2006 letter to Mr. Strod and affidavit of mailing filed with the clerk satisfy this requirement. However, Lewenstark's affidavit and letter do not constitute proof of mailing. Thus, there is no record evidence that establishes that Lewenstark or the clerk mailed proper notice of recording to Strod.
Based on the foregoing, we reverse and remand, directing the trial court to vacate the final judgment domesticating the foreign judgment. Accordingly, we need not reach Strod's other arguments on appeal.
Reversed and Remanded with Directions.
WARNER and KLEIN, JJ., concur.