CONNER, J.
 

 Appellant Hollywood Mobile Estates Limited (“Hollywood Mobile”) appeals a non-final order denying its motion to require the individual mobile home tenants who are members of Appellee Hollywood Estates Independent Tenants Association (“Hollywood Tenants Association”) to deposit rent into the court registry pursuant to section 723.063(2), Florida Statutes (1997). We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(B);
 
 Hughes v. First Fed. Sav. & Loan Ass’n,
 
 621 So.2d 557 (Fla. 4th DCA 1993). We reverse.
 

 Hollywood Mobile holds a leasehold interest as a lessee of property owned by the Seminole Tribe of Florida, which has been developed into a mobile home park. The members of Hollywood Tenants Association sublease individual lots from Hollywood Mobile. After a dispute arose between the Seminole Tribe and Hollywood Mobile, the Seminole Tribe entered the park and took possession, forcibly expelling Hollywood Mobile’s employees. The Seminole Tribe unilaterally terminated its lease with Hollywood Mobile and began collecting rent directly from the mobile home tenants.
 

 Two weeks after the Seminole Tribe’s takeover, Hollywood Tenants Association sued Hollywood Mobile in a class action pursuant to rule 1.222, Florida Rules of Civil Procedure and chapter 723, Florida Statutes. Hollywood Tenants Association sued to invalidate an allegedly unreasonable rent increase, to obtain damages or a reduction in rent for reducing services, and to obtain damages for not keeping the park in good repair as required by chapter 723. Hollywood Mobile filed a counterclaim for declaratory relief against the association, as a class action defendant, asking the court to declare the subleases valid. An amended counterclaim sought supplemental relief in the form of damages for accrued rent. Hollywood Mobile then moved for rent to be deposited into the court registry pursuant to section 723.063(2). That statute requires: “In any action by the park owner or a mobile home owner brought under subsection (1),
 
 *1196
 
 the mobile home owner shall pay into the registry of the court that portion of the accrued rent, if any, relating to the claim of material noncompliance.... ” The trial court denied the motion.
 

 Hollywood Mobile argues the trial court erred in failing to apply the unambiguous and mandatory language of section 723.068(2). Where an issue involves the interpretation of a statute, a de novo standard of review applies.
 
 Strod v. Lewenstark,
 
 958 So.2d 1138, 1139 (Fla. 4th DCA 2007). Hollywood Mobile relies on
 
 MLH Property Managers v. Cox,
 
 613 So.2d 1358 (Fla. 4th DCA 1993). In that case, the lessees refused to pay impact and construction fees relating to utility connections, so the lessor filed suit for declaratory judgment and judgment for unpaid rent. The lessees asserted material noncompliance with chapter 723 as an affirmative defense. The
 
 MLH
 
 court held that the requirements of section 723.063(2) were mandatory and applied to the impact and construction fees, as the lease required the lessees to pay these charges. The lessees could not avoid paying into the registry simply because they were disputing the fees as rent.
 

 Although Hollywood Tenants Association is a single mobile home owner association, it instituted suit in its name on behalf of all the mobile homeowners. As such, the individual mobile homeowner members of Hollywood Tenants Association are the real parties in interest.
 
 See Yacht Club Southeastern v. Sunset Harbour N. Condo. Ass’n,
 
 843 So.2d 917, 919 (Fla. 3d DCA 2003). As the real parties in interest, they can be required to comply with the requirements of section 723.063(2) as if they sued Hollywood Mobile individually or jointly in their own names. Because Hollywood Mobile sued for damages for unpaid rent and Hollywood Tenants Association has asserted material noricom-pliance with chapter 723, the trial court erred when it failed to apply the mandatory requirement of section 723.063(2) for mobile home owners to pay disputed rent into the court registry.
 

 Reversed and remanded.
 

 WARNER and LEVINE, JJ., concur.