DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OKSANA SHAKHOVA,**
Appellant,

v.

**SERGIY PUGACHOV,**
Appellee.

No. 4D21-1253

[August 17, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. CACE20-13987.

Delaila J. Estefano of Estefano Law, P.A., Coral Gables, for appellant.

Michael A. Rajtar and Ebryonna Wiggins of Rajtar & Associates, P.A., Hollywood, for appellee.

KUNTZ, J.

Oksana Shakhova, the judgment creditor, appeals the circuit court's order dismissing her petition for domestication and enforcement of a foreign judgment against Sergiy Pugachov, the judgment debtor.

Shakhova obtained a Ukrainian judgment against Pugachov and filed the judgment in Broward County. A month later, Shakhova petitioned the circuit court to enforce the Ukrainian judgment. Attached to Shakhova's petition was an affidavit listing Pugachov's last-known address.

Pugachov objected to enforcement of the Ukrainian judgment, arguing that, under section 55.604(1), Florida Statutes (2020), Shakhova needed to record the affidavit at the time she filed the judgment. The court dismissed Shakhova's petition without prejudice.

After the dismissal, Shakhova again filed the Ukrainian judgment, certifying that she mailed Pugachov notice of recording the judgment. Pugachov objected but acknowledged he received notice of the recorded judgment.

Later, Shakhova filed her second petition to enforce the Ukrainian judgment. Pugachov moved to dismiss the petition, again relying on Shakhova's failure to comply with section 55.604(1). Shakhova responded that her failure to comply did not allow dismissal because Pugachov had actual notice and an opportunity to object to enforcement of the Ukrainian judgment. The court agreed with Pugachov that Shakhova ignored section 55.604(1)'s notice and affidavit requirements and dismissed the petition.

We agree that Shakhova did not comply with section 55.604(1) because she failed to record the affidavit setting forth Pugachov's information "[a]t the time of the recording" of the Ukrainian judgment. § 55.604(1)(a), Fla. Stat. (2020). But our case law excuses non-compliance if the judgment debtor was on notice of the recorded foreign judgment. *Frymer v. Brettschneider*, 696 So. 2d 1266, 1268 (Fla. 4th DCA 1997). The parties were engaged in on-going litigation over Shakhova's petition, and Puchagov acknowledged that he received notice of the recorded judgment. So, like the judgment debtor in *Frymer*, Pugachov had actual notice of the recorded foreign judgment and an opportunity to object to its enforcement. Thus, Pugachov suffered no prejudice because of Shakhova's failure to comply with section 55.604(1).

Based on *Frymer*, we reverse the court's dismissal of the petition and remand for further proceedings.

*Reversed and remanded.*

DAMOORGIAN and GERBER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

2